Nettie Freedman, Plaintiff, v. Clinton Court Corporation, Inc., Defendant.*

City Court of Rochester, Civil Branch, July 5, 1937.

*Weldgen, Newton, Morgan & Little* [*N. J. Weldgen* of counsel], for the plaintiff.

*Whitman, Dey & Nier* [*G. Ogden* of counsel], for the defendant.

Tompkins, J. The plaintiff attended defendant's theatre on February 22, 1936. On leaving the theatre about nine p. m., as she started to go down the stairway leading from the balcony to the ground floor, she slipped on either the landing or the adjacent first or second steps of the stairway, and was injured thereby.

The plaintiff makes seven specific charges of negligence against the defendant in maintaining this main stairway in its picture house known as Loew's Rochester Theatre, as follows: (1) It failed in the violation of the city ordinances of Rochester to maintain said stairway so as to prevent persons from slipping thereon; (2) it failed to keep said stairway dry and safe for the users thereof; (3) it caused water to be placed thereon while patrons including the plaintiff were using it; (4) it failed to warn plaintiff of its slippery condition; (5) it permitted and caused the same to become wet, slippery, and dangerous; (6) it failed to cover with some proper material the marble treads which are inherently slippery and dangerous; (7) it failed to have proper signs.

* Affd., 254 App. Div. 643.

This stairway is about twelve feet wide; has some thirty steps is divided in the center by a handrail and has a landing two-thirds of the way up. The treads are of smooth marble uncovered by mat or carpet. The promenade at the top, leading to the balcony, is carpeted while from the entrance of the theatre to the foot of the stairway is a rubber mat or runner. The building was erected in 1929.

On February twenty-second some 7,000 persons saw the performance from the balcony. There was snow on the streets and snow and slush were brought into the theatre by its patrons. A porter, employed by the defendant, used a dry mop to wipe up the accumulated snow, slush, and water from the treads each half hour. He had just begun to wipe off the treads on the right passage of the stairway as the plaintiff started down. He testified he was wiping the third tread from the top as the plaintiff slipped and fell. The porter admitted the treads he had just wiped were still moist. The plaintiff testified she did not see the porter until after she fell and as he helped her to arise.

In support of plaintiff's first charge of negligence, there is cited section 604.1 (c) of the Building Code which reads: " Treads and landings shall be constructed and maintained in a manner to prevent persons from slipping thereon." The plaintiff urges that inasmuch as smooth marble is concededly slippery, it violates this provision. The conclusive answer to this position is that marble is recognized in the preceding paragraph (b) as one of the materials used for treads. Furthermore, the use of marble in the construction of stairways has been recognized by the courts as a proper method of construction. (*Kline* v. *Abraham*, 178 N. Y. 377, 380.) The use of marble in the construction of this stairway was not in and of itself negligent.

Neither the case of *Miller* v. *Gimbel Bros., Inc.* (262 N. Y. 107), relied on by defendants, nor *Richman* v. *Stanley Mark Strand Corporation* (266 id. 494), cited by plaintiff, is necessarily determinative of the issues in this action. The former involved the slipping of a customer about to enter a department store. The court held that while " The owner of a store must take reasonable care that his customers shall not be exposed to danger of injury through conditions in the store or at the entrance which he invites the public to use. He cannot, however, prevent some water and mud being brought into an entranceway on a rainy day and he is not responsible for injuries caused thereby unless it is shown the construction of the store is inherently dangerous or that he failed to use care to remedy conditions which had become dangerous."

The danger attendant on slippery stairs obviously is entirely different and manifestly far greater than that of a mud-tracked

entrance. In the *Richman* case the plaintiff slipped and fell in an aisle. In the memorandum of affirmance it is stated, " It had been raining all day, and there was evidence that at the place where the plaintiff fell the aisle was wet, muddy and slippery." The verdict for the plaintiff was affirmed by the Appellate Division (241 App. Div. 633), without opinion, but accompanied by a vigorous dissent by Justice CRAPSER. The Court of Appeals affirmed without opinion. While it would seem that the dissenting opinion merited an answer beyond a silent affirmance, the court, in affirming, has held that the facts showed negligence. Yet the ruling that an aisle wet, muddy, and slippery supports negligence does not of necessity determine that a legally constructed marble stairway when wet supports a cause of action. There must be additional grounds on which to predicate liability.

Marble may legally be used in the construction of stairways without subjecting him who invites the public to use them to the charge of negligence.

The degree of care in the maintenance of such marble stairways with which the one who for profit bids the public to use, is charged, is to be measured by the circumstances attendant on their use. (*Heffron* v. *N. Y. C. & H. R. R. R. Co.* (223 N. Y. 473, 479). The stairway on which the plaintiff slipped leads from the ground floor of the theatre to the promenade adjacent to the balcony. Seven thousand persons patronized the balcony on the day in question. Obviously, the fact that a stairway is trod by thousands daily is a circumstance to be considered in fixing the degree of care necessary to its maintenance.

Defendant's manager, Pollock, testified that the stairs were not slippery when dry; that they were slippery when wet; that he had heard of other accidents on this stairway. Malone, the defendant's porter, who had just started mopping that portion of the stairway on which the plaintiff fell, admitted the step might have been a " little damp." The plaintiff testified the stairs where she fell were wet and slimy and they felt wet. Manager Pollock further testified that he knew that the stairs at the Palace Theatre were covered with carpet. In negligence actions, plaintiff may show that safer devices were available. (*Hallenbeck* v. *Wander & Sons' Chemical Co., Inc.*, 197 App. Div. 855, 858.)

Concededly, when these marble stairs were wet they were slippery. Unquestionably, slippery stairs may cause a user of them to slip, and, slipping, to fall with possible injury.

Did the defendant perform fully the duty it owed the plaintiff, its patron, to use reasonable diligence in protecting her from a manifest danger, known to it? Carpeting is used for such protection. It is a fact that may not be denied that smooth, wet

marble is far more liable to cause slipping than is marble covered with matting or carpets, or even corrugated marble. Carpeting is used in another Rochester theatre. It does not appear that it was not feasible to use it in defendant's theatre.

The defendant knew that this marble stairway was slippery when wet. It caused it to be mopped every half hour, yet it did nothing to warn its patrons of the danger it sought to assuage. It had erected signs " Watch Your Step." Descending a stairway is always attended with some danger. This is common knowledge. Those who went up this stairway on their way to the balcony knew they must later go down. " Watch Your Step " proclaimed a danger they already knew. It did not, however, apprise them of the danger attending wet and slippery marble. This menace is not common, everyday knowledge. But a small part of movie patrons live in houses with marble stairways. All know from daily experience the danger of descending any stairway, but they cannot be charged with knowledge that wet marble treads have a peril peculiar to themselves. Had the defendant erected conspicuous signs bearing this legend, " These Steps When Wet Are Slippery and Dangerous," those who saw it would have been timely warned.

That there is no other reported accident among the 7,000 patrons does not establish there was not a known and preventable danger when this plaintiff slipped on these stairs. They may not have been wet when the greater portion of the 7,000 used them. Then there is probably less danger when a crowd is moving slowly down, than when a single person descends. Pollock testified that there had been other accidents on these stairs. Even had there been no similar accident before is no complete defense, if it might in reason have been anticipated. (*Barrett* v. *Lake Ontario Beach Imp. Co.*, 174 N. Y. 310, 316; *Cleveland* v. *New Jersey Steamboat Co.*, 125 id. 299, 306.)

In the winter season a known condition of danger existed. Defendant sought to alleviate it by mopping. The marble treads were left still moist, wet, and slippery. It carpeted the floor of the promenade. The marble stairway was left bare. Carpeting would have remedied the slipperiness of the wet marble. A conspicuous sign proclaiming the danger would have put its patrons on their guard. Defendant neither cured the danger nor warned its patrons of its existence. In the exercise of that reasonable diligence to secure the safety of those from whose presence it profited, it should have done one or the other. It failed to perform the duty it owed its patrons. That is negligence.

Judgment for plaintiff in the sum of $276.