Louis L. Friedman, J.
Plaintiff sues for damages for personal injuries allegedly sustained by her, by reason of the negligence *66 of the defendant. The accident occurred at premises 240 Sheffield Avenue, Brooklyn, New York, a multiple dwelling and the negligence charged against the defendant is that it failed to properly maintain the top step of a three-step stairway which leads from the street to the apartment dwelling in which plaintiff then resided. By agreement between the parties, the action was tried solely on the question of liability, and the submission of all proof of injuries and resultant damages was held in abeyance to await the court’s determination on such liability question.
On January 9,1956, at about 7 :00 a.m'., as plaintiff was leaving the building in question, on her way to work, she fell on this top step of this outside stairway. She fell to the sidewalk and subsequent examination indicated that she had sustained a severe injury to her foot. She said that she had been a tenant in the premises for about 18 years before the day of the accident, and that during the latter part of that period, she had noticed that this top step was beveled and worn, so that as one looked at the step, it appeared to resemble a light arc. Photographs of the step were introduced in evidence and they are before the court. They indicate that the three steps in question led directly from the sidewalk to the front entranceway of the building. This entranceway is divided into two doors, only one of which has a doorknob (the right hand one as one looks at the photographs), and that door which has the doorknob appears to be the one which is primarily used by persons entering and leaving the building. Immediately in front of that doorway is the area which seems to have been worn from long and constant use. Although plaintiff and the three witnesses who testified in her behalf all contended that the area contained ridges and was uneven, the photographs offered in evidence, and particularly plaintiff’s Exhibit 2, seem to indicate otherwise. It was raining at the túne of the accident and it is apparent that the stone stairway was wet and slippery, as were all other similar stone areas upon which the rain fell that morning.
Three witnesses called by the plaintiff corroborated her description of the step in question and although none of them saw her fall, all of them testified that they found her at the bottom of the stairway after the accident had happened.
The defendant, except for calling a weather expert, rested at the end of plaintiff’s case and renewed its motions to dismiss, upon which motions decision was reserved. This therefore resolves itself into whether or not, on the law, plaintiff has made out a prima facie case.
A close inspection of the photographs (plaintiff’s Exhibit 2 and 3) reveals that the top step has several shallow depressions. *67 One of these is in front of the left hand door, which is not the one plaintiff used, and a second one appears to be directly in front of where the two doors meet, and the third is the largest one, where plaintiff claims she fell. A stick and ruler placed in this area graphically illustrate that the step is uneven. Although no testimony was given as to measurements, and although the court excluded the ruler which is shown in plaintiff’s Exhibit 2 from consideration, an inspection of the photographs indicates that the deepest point of depression is about one inch. The claimed defective area runs from the edge of the step nearly to the rear, and the question now before the court is whether the condition described by jjlaintiff and her witnesses, and shown, in the photographs which are in evidence, may be held to be dangerous under the law.
Plaintiff testified that as she placed her left foot on the top step immediately above the place indicated by the arrow on plaintiff’s Exhibit 1, she felt that the step was uneven, worn out and bumpy, and she could not get a good grip with her foot, whereupon her foot twisted and she fell. While the uneven portion of the step previously described here may be characterized as bumpy, it does not appear that the point where plaintiff says she fell may be so considered.
The question of liability in situations similar to the one in the case at bar has previously been determined by our courts. In Lynch v. O’Rourke Realty Corp. (2 A D 2d 851), plaintiff slipped and fell on ice which had formed in a three-quarter inch depression on an outer step leading to the entrance of a building where she was employed. Her cause of action was dismissed, and the Appellate Division of this department affirmed said dismissal, holding that the slight depression did not create a dangerous condition. Cited in that case is Gibson v. Prudential Ins. Co. of America (258 App. Div. 740), where the plaintiff fell on ice which covered a one-inch square depression about one half to one inch deep, which was located on a walk leading from the apartment house to the public sidewalk. In that case, a judgment had been rendered in favor of plaintiff, and the Appellate Division in this department reversed and dismissed the complaint for the same reasons stated in the Lynch case (supra).
In Holder v. City of Yonkers (281 App. Div. 975), plaintiff fell down a flight of steps in a multiple dwelling where she then resided. She claimed that the fall was caused because a step had become worn and chipped for about one and one-half inches back.from the edge, due to long usage. A judgment for the plaintiff was reversed by the Appellate Division in this depart *68 ment, and the complaint was dismissed on the ground that the defect was too slight to charge the defendant with negligence.
In the leading case in this State, Sieniewicz v. Merusad Realty Corp. (291 N. Y. 806), the jury had found a verdict in favor of the plaintiff but, on motion, the Trial Justice set aside the verdict and dismissed the complaint. The dismissal was affirmed by both the Appellate Division and the Court of Appeals. As examination of the record and briefs in that case indicates that the decedent there had slipped on a marble step which was worn down and rounded out in the center. The defect in that case was much greater than the one shown in the case now before the court, and the survey which was received in evidence in that case shows the extent to which such wearing had taken place. Plaintiff claimed that because of the condition of the step, the decedent had fallen down the stairway and had met his death by falling through a window located at the foot thereof, through which he had been precipitated. The affirmance by the Court of Appeals of the judgment dismissing the complaint stated that there was no evidence of any prior accident which would indicate that the condition was in any way dangerous.
An examination of the bill of particulars in this case discloses that one of the grounds of negligence charged by the plaintiff herein was “ that another person fell on the same step ” (see pars. 4 and 5 of plaintiff’s bill of particulars). When plaintiff rested at the end of the trial without proving said allegation, the court held an off-the-record discussion at the Bench, at which time plaintiff’s attorneys’ attention was called to this statement and to the fact that no proof thereof had been submitted, and the court offered to reopen the case to permit the introduction of such proof, if any there was. Plaintiff’s attorneys thereupon very frankly stated that their subsequent investigation had revealed that the other accident had been in another portion of the building and had no connection with the step in the case at bar.
In Tryon v. Chalmers (205 App. Div. 816, 818) there was a depression which ran from three eighths of an inch to eleven sixteenths of an inch on a one and one-half inch step. The Appellate Division in the Third Department reversed a judgment for the plaintiff and dismissed the complaint, stating, 11 It is not shown that there had ever been an accident on this stairway before.”
The court holds that the cases here cited are determinative of the issue now before the court and that even accepting at face value the testimony of plaintiff and her witnesses, plaintiff has failed to make out a cause of action. Although an attempt *69 was made to overcome the decisions in the cases here cited, by-evidence that there were ridges, or bumps on the step in question, the photographs in evidence show otherwise and particularly indicate that the area where plaintiff says she fell is one which was worn smooth.
Accordingly, in view of the decisions of the higher courts in this State, which hold that there is no liability under these circumstances, the court is constrained and does hereby grant the motions to dismiss made by the defendant at the end of plaintiff’s case and at the end of the entire case, with exceptions to the plaintiff. Thirty days ’ stay and 60 days to make a case granted to the plaintiff. Counsel will please call for their exhibits which will be left with the Clerk of Trial Term, Part VI.