■ DANIEL VITANZA, as Administrator of the Estate of JOSEPHINE VITANZA, Deceased, Appellant, v GROWTH REALTIES, INC., et al., Respondents. — Judgment, Supreme Court, Bronx County (Kent, J.), entered January 20, 1982 dismissing the complaint on the merits, unanimously reversed, on the law, the complaint reinstated, and the case remanded for a new trial, with costs to abide the event. This is an action to recover damages for personal injuries and wrongful death arising out of a fall by plaintiff's decedent, a woman of advanced years, on a stairway in a building in which she resided. The wrongful death action is based on the theory that a second fall, some months later, resulting in decedent's death was caused by the effects of the injuries sustained in the fall in issue. Evidence was introduced in behalf of the plaintiff that the stairway in question was seriously and pervasively defective, and that the landlord had received ample notice of the defective condition and had failed to correct it. Plaintiff, the decedent's son, testified that he examined the stairway some hours after the event, and observed that the metal edges of at least 10 of the 19 steps were loose, that some steps were curved, and that nails were sticking out of some of them. However, the single witness to the event had not observed the start of the fall, and was accordingly unable to identify the step from which the decedent fell. The trial court dismissed the complaint after the plaintiff completed its case on the view that the evidence was insufficient as a matter of law to establish that the defective condition of the stairway caused the fall. We disagree and accordingly reverse the judgment dismissing the complaint, reinstate the complaint, and remand the case for a new trial. The issue presented is legally indistinguishable from that addressed in *Gramm v State of New York* (28 AD2d 787, affd 21 NY2d 1025). Responding to a similar argument that an action must fail where the plaintiff was unable to establish the condition of the stair from which she fell in a stairway that was wet and littered with cigarette butts and paper wrappings, the court said (p 788): "The law does not apply so unreasonable a requirement of certitude, usually impossible of achievement. 'The fact of causation is incapable of mathematical proof * * * If as a matter of ordinary experience a particular act or omission might be expected, under the circumstances, to produce a particular result, and that result in fact has followed, the conclusion may be permissible that the causal relation exists. Circumstantial evidence or common knowledge may provide a basis from which the causal sequence may be inferred.' (Prosser, Torts [3d ed.], § 41, p. 246.)" Concur — Kupferman, J. P., Sandler, Carro, Asch and Fein, JJ.

■ EULIE M. DAVIS, Respondent, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Appellant. — Order, Supreme Court, New York County (Cerrito, J.), entered June 28, 1982 granting plaintiff's motion for protective order, is unanimously affirmed, with costs. In view of the outrageously burdensome nature of the interrogatories proposed by defendant, Special Term was quite justified in directing that defendant shall proceed first by deposition, and then, if necessary, may serve interrogatories — needless to say only proper interrogatories. Concur — Sullivan, J. P., Silverman, Bloom, Milonas and Kassal, JJ.