■ ANTHONY ELLIS et al., Respondents, v COUNTY OF ALBANY et al., Appellants, et al., Defendant. [613 NYS2d 983] — Casey, J. Appeal from an order of the Supreme Court (Kahn, J.), entered October 21, 1993 in Albany County, which denied motions by defendants County of Albany, Beltrone Construc-

---

tion Company, Inc., McManus, Longe, Brockwell, Inc. and Spectaguard, Inc. for summary judgment dismissing the complaint and cross claims against them.

In March 1990, while on her way to attend a concert at the Knickerbocker Arena in the City of Albany, plaintiff Maryanne Ellis (hereinafter plaintiff) twisted her foot in such a way as to fracture her leg while she was walking on an unlandscaped, sloped area adjacent to a set of stairs that led to the arena box office. Plaintiff and her husband subsequently commenced this action to recover damages for her injuries against the County of Albany, as the owner of the arena. Among the other defendants named were the joint venture which served as the construction manager of the arena and the corporation which contracted to provide security and crowd management for the arena. This appeal arises out of Supreme Court's denial of motions for summary judgment dismissing the complaint against these various defendants (hereinafter defendants).

The complaint sounds in negligence and alleges that the unlandscaped area where plaintiff's injury occurred was defective and dangerous. According to plaintiff, she was unfamiliar with the Knickerbocker Arena and went up the stairs in search of an entrance to the arena. At the top of the stairs, she discovered the box office but no entrance. When she was unable to go down the stairs because of the crowd coming up, plaintiff followed other people in stepping through a gap between a metal railing and the building onto the unlandscaped, sloped area adjacent to the stairs. After taking several steps, plaintiff felt her foot twist and heard a bone in her leg break. Plaintiff claims that defendants were negligent in creating and maintaining a defective or dangerous condition, failing to block the area off, failing to warn and failing to maintain adequate crowd control, all of which proximately caused her injuries.

Defendants contend that although the area where plaintiff's injury occurred was not landscaped, there was no defective or dangerous condition that proximately caused plaintiff's injuries. In support of this claim, defendants refer to plaintiff's examination before trial in which she fails to identify any defect or dangerous condition and was unable to provide any reason why her foot twisted as she walked in the unlandscaped area. The County's project manager for the arena construction described the area as "rough graded", and he stated in an affidavit that the area was well lighted and he

had never observed any defective or dangerous condition such as a hole or depression or debris. Plaintiff submitted an affidavit in which she described a six-inch depression from the sidewalk to the dirt area and uneven ground, as well as several rocks on the ground.

We conclude that defendants met their burden as the moving parties for summary judgment on the issue of the existence of a defective or dangerous condition and proximate cause, thereby shifting the burden to plaintiff to present evidentiary proof in admissible form to demonstrate an issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Assuming that plaintiff's proof is sufficient to create a question of fact regarding the existence of a defective or dangerous condition, there is no evidence in the record that any defective or dangerous condition identified by plaintiff was a proximate cause of her injury. The six-inch elevation difference between the sidewalk and unlandscaped area had nothing to do with plaintiff's injury, for she testified that her injury occurred after she had walked onto the dirt area and taken "a couple of steps". Plaintiff also stated that although she was looking at the ground she could not remember stepping on any rocks or debris. Nor did she mention anything about uneven ground or a hole or depression when her foot twisted. In her brief, plaintiff argues that the jury could find that the uneven ground caused her foot to become trapped, but there is no evidence to support such a conclusion. To the contrary, when asked if her foot was firmly planted when the injury occurred, plaintiff replied, "Probably not." Plaintiff was unable to give any reason for why her foot twisted, and she submitted no other direct evidence on the issue.

The absence of direct evidence does not require a ruling in defendants' favor, for proximate cause may be inferred from the facts and circumstances surrounding the event *(see, Kerrick v Finger Lakes Racing Assn.,* 181 AD2d 984, 985). The proof, however, must be sufficient to permit a finding of proximate cause based not upon speculation, but upon the logical inferences to be drawn from the evidence *(see, Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743, 744). To meet her burden, plaintiff was required to submit evidentiary proof to demonstrate that her injury was a natural and probable consequence of conditions for which defendants are responsible *(see, Gramm v State of New York,* 28 AD2d 787, 788, *affd on opn below* 21 NY2d 1025).

Based upon the evidence in the record, we are of the view that the question of whether plaintiff's injury was a natural

and probable consequence of the alleged uneven and rocky condition of the ground or the result of some other factor for which defendants cannot be held responsible, such as a misstep by plaintiff, who admittedly consumed several alcoholic beverages before coming to the concert, cannot be resolved without resort to speculation. In a somewhat similar case, we held that a party injured in a slip and fall met her burden on the proximate cause issue with evidence that the surface of the parking lot where she fell had frozen ruts and chunks of ice, and her physician's opinion that the injury sustained is usually produced by an unstable surface which would permit the foot and ankle to slip sideways *(Russell v Hepburn Hosp.,* 173 AD2d 985, 987). Plaintiff submitted no such evidence in this case. Nor did she submit any other evidence from which it could reasonably be inferred that her injury was a natural and probable consequence of a defective or dangerous condition caused or created by defendants. Nor did she offer an excuse for the absence of such evidence. We conclude that plaintiff's failure to come forward with evidence on the issue of causation in opposition to defendants' motions requires that summary judgment be granted to defendants and the complaint dismissed against them *(see, Thomas v New York City Tr. Auth.,* 194 AD2d 663).

Cardona, P. J., Mikoll, Mercure and Weiss, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions by defendants County of Albany, Beltrone Construction Company, Inc., McManus, Longe, Brockwell, Inc. and Spectaguard, Inc. granted, summary judgment awarded to said defendants and complaint dismissed against them.