*844 OPINION OF THE COURT
Memorandum.
Order unanimously reversed with $10 costs to plaintiff, motion for a protective order striking the interrogatories granted and cross motion to dismiss denied.
In this action, brought to recover damages arising out of a collision between two boats in Long Island Sound, defendant served a demand for interrogatories which was 33 pages long and included 140 questions, containing subparts and subsubparts to same. Plaintiff made a motion for a protective order under CPLR 3103 (a) and defendant cross-moved to preclude based on the argument that plaintiff had not followed the procedure set forth in the recent amendment to CPLR 3133 (a).
CPLR 3133 (a) was amended, effective January 1, 1994, to provide that answers to interrogatories had to be made within 20 days to all unobjectionable items and that all objections be stated with reasonable particularity. The Advisory Committee on Civil Practice stated in support of the amendment that it would "eliminate the requirement that an objection to an interrogatory be made by motion.” (1993 McKinney’s Session Laws of NY, at 2954.) Professor David D. Siegel, in his Supplementary Practice Commentaries to CPLR 3133 (McKinney’s Cons Laws of NY, Book 7B, CPLR C3133:l, at 86-87), noted that whereas past practice placed the burden of making the motion for a protective order on the party receiving the demand, the new procedure called for a response in writing, with the party making the demand obligated to make the motion to preclude under CPLR 3124 for failure to properly respond to the demand for the interrogatories. Professor Siegel noted that the old procedure did not provide a mechanism wherein the "parties might iron out their dispute in advance” and that the new procedure required "the party receiving the interrogatories to respond to them before making any motion (id., at 86).” The court below focused on the amendment, denied the motion by plaintiff for a protective order and required plaintiff to respond to the demand within 20 days of the date the order was served upon it.
This court is of the opinion that CPLR 3103 (a) can be read in harmony and in conjunction with the amendment to CPLR 3133 (a). CPLR 3103 (a) provides that a party may make a motion for a protective order "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other preju *845 dice to any person or the courts.” Under the prior statutes, where the demand for interrogatories was so burdensome, prolix, vexatious and unreasonable, they were vacated in their entirety and neither the party, nor the court, was placed in the position of having to prune the unreasonable demand (see, Blank v Schafrann, 180 AD2d 886, 887-888; Dykowsky v New York City Tr. Auth., 124 AD2d 465, 466; Brandon v Chefetz, 101 AD2d 786; Metzger v Brockman, 92 AD2d 499; Davis v Presbyterian Hosp., 91 AD2d 917).
This is the first appeal wherein this court must consider the amendment set forth above. It is our conclusion that where the demand is so outrageous and where it seeks information which is not at all relevant to the suit, the chances of dialogue envisioned by the Legislature are nil and the result anticipated by the amendment can no longer have any chance for success. Notwithstanding the amendment, no court or party should be placed in the position of having to "prune” a demand such as this. A motion for a protective order under CPLR 3103 (a) should be allowed wherein a party has the right to move to vacate the entire demand and require the other party to resubmit the demand in a less oppressive form.
DiPaola, P. J., Stark and Luciano, JJ., concur.