■ Giuseppina Lucio et al., Appellants, v Raymond A. Pisanello et al., Respondents. [642 NYS2d 325] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered September 14, 1994, which, upon a jury verdict in favor of the defendants on the issue of liability, dismissed the complaint.

Ordered that the judgment is reversed, on the law and the facts, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

The plaintiffs were tenants in the defendants' three-unit apartment building when, on January 31, 1990, the plaintiff Giuseppina Lucio (hereinafter the injured plaintiff) fell down an interior stairway leading from the kitchen in her first floor apartment to the basement. The injured plaintiff testified that she fell when the third step "lifted up" and the handrail "gave away". There were no witnesses to the accident and the only other testimony related to the cause of the accident was testimony elicited from two orthopedic surgeons who had previously treated the plaintiff for a foot fracture. They testified that she had complained of constant pain and difficulty negotiating stairs for a prolonged period prior to this accident. After a trial limited to issues of liability, the jury returned a verdict finding the defendants negligent, but finding that the defendants' negligence was not the proximate cause of the injured plaintiff's accident.

A plaintiff's conduct may be a superseding force absolving a negligent defendant, but only if the plaintiff's conduct rises

above a mere contributing cause of and replaces the defendant's negligence as the sole cause of the plaintiff's injuries (*see, Calder v Grand Union Co.,* 127 AD2d 811; *Mesick v State of New York,* 118 AD2d 214, 218; *see also, Hagins v State of New York,* 81 NY2d 921, 923). We find that the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Slaybough v Nathan Littauer Hosp.,* 202 AD2d 773, 776; *Calder v Grand Union Co., supra; see also, Grassi v Ulrich,* 87 NY2d 954). Given the injured plaintiff's testimony, a "natural and reasonable inference" would be that the defendants' negligent maintenance of the stairway caused this accident (*see, Gramm v State of New York,* 28 AD2d 787, 788). There was a complete absence of evidence that the injured plaintiff's prior foot injury had previously caused her to loose her balance or fall. Accordingly, the plaintiffs are granted a new trial.

In light of the foregoing, we do not reach the plaintiffs' remaining contentions. Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.