■ Maria Munno, Appellant, v State of New York, Respondent. [698 NYS2d 107] —Mercure, J. P. Appeal from a judgment of the Court of Claims (Hanifin, J.), entered August 18, 1998, upon a decision of the court in favor of the State.

Claimant, a student at the State University of New York at Cobleskill in Schoharie County, was injured when she fell while descending a stairway in her dormitory. She filed a claim against the State, alleging that her injuries were caused by the State's negligence in failing to clean up shampoo that had spilled at the top of the stairway. After trial, the Court of Claims concluded that although the State was negligent in not expeditiously cleaning up the shampoo, the spill was not the proximate cause of claimant's fall. Claimant appeals.

Claimant was not required to establish the precise manner in which she fell (*see, Mott v Big V Supermarkets*, 188 AD2d 870). Nor is the absence of direct evidence fatal to her claim, for proximate cause may be inferred from the facts and circumstances surrounding her fall (*see, Ellis v County of Albany*, 205 AD2d 1005, 1007). In an appropriate case, the factfinder may infer proximate cause from the dangerous condition of a stairway and a claimant's fall thereon (*see, Gramm v State of New York*, 28 AD2d 787, 788, *affd* 21 NY2d 1025), but "[t]he proof * * * must be sufficient to permit a finding of proximate

cause based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Ellis v County of Albany, supra,* at 1007).

Claimant contends that the evidence of a shampoo spill on the stairway creates an inference that claimant's fall was caused by that slippery substance. Our review of the record, however, discloses no basis to disturb the Court of Claims' decision not to draw such an inference. The evidence establishes that several hours prior to claimant's fall, shampoo had been spilled on the landing and first step down from the landing along the left side of the stairway as viewed from the perspective of a person descending the stairs. Claimant's fall occurred as she descended along the right side of the stairway on either the second or third step down from the landing. Claimant testified that the shampoo caused her fall, but she conceded on cross-examination that she was looking down at each step and did not see any substance on the steps where she was descending. Nor was there any evidence of shampoo on her shoes or clothing after her fall.

To support her theory that the shampoo had spread from the left side of the stairway where the spill occurred to the right side of the stairway where she fell, claimant relies on the testimony of two witnesses who came to her aid after she fell and allegedly observed the condition of the stairway immediately after the fall. It is clear, however, that the Court of Claims elected not to credit their testimony based upon their friendship with claimant and other factors which affected the credibility of their testimony. Thus, the court found insufficient evidence to demonstrate that the shampoo had spread to the area of the stairway where claimant fell. Although this Court has the authority in a nonjury case to independently consider the probative weight of the evidence and the inferences that may be drawn therefrom, where, as here, the court's findings are based in large part upon credibility assessments, they are entitled to deference (*see, Diaz v State of New York,* 256 AD2d 1010; *Alber v State of New York,* 252 AD2d 856; *Yoss v State of New York,* 241 AD2d 794). The judgment is, therefore, affirmed.

Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.