■ ROBERT WELCH et al., Respondents, v RIVERBAY CORPORATION et al., Appellants. [709 NYS2d 58] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about October 20, 1999, which, insofar as appealed from, denied defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

An issue of fact exists as to whether plaintiff's slip and fall in a stairwell of the office building where he worked was caused by snow that had been blown or tracked into the unheated stairwell on a cold early evening in January, or by ice that had formed in the stairwell as a result of a leak. While plaintiff testified that he was in shock and has little present recollection of his fall and its immediate aftermath, one of his co-workers, who arrived in the stairwell to help plaintiff about a half hour after he fell, testified that he told her that he slipped on ice and warned her to be careful. Plaintiff's co-workers all testified as to wet and icy conditions in the stairwell, and that complaints about such conditions had been made to defendants in the past, creating an issue of fact as to whether defendants had notice of a recurring dangerous condition. Indeed, defendants do not appear to directly dispute that the stairwell was icy or wet. Assuming such conditions, the very fact that plaintiff fell is sufficient to permit the inference that defendants deny (*see, Gramm v State of New York*, 28 AD2d 787, 788, *affd* 21 NY2d 1025; *see also, Muirhead v ZCWK Assocs.*, 255 AD2d 110, citing, *inter alia, Megally v 440 W. 34th St. Co.*, 246 AD2d 346). Discrepancies in the co-workers' observations, as well as the time lapse before their arrival, present issues of credibility inappropriate for consideration on a motion for summary judgment. We have considered and rejected defendants' other arguments. Concur—Williams, J. P., Mazzarelli, Andrias and Friedman, JJ.