■ DONALD ST. HILAIRE et al., Appellants, v DIAN WHITE, Respondent. [759 NYS2d 74] —Judgment, Supreme Court, Bronx County (Norma Ruiz, J., and a jury), entered on or about September 14, 2001, in an action for personal injuries sustained when plaintiff was struck by defendant's automobile, awarding plaintiff $10,000 for past pain and suffering and $10,000 for past lost earnings, and no damages for future pain and suffering or past and future medical expenses, or for plaintiff's wife's loss of consortium claim, unanimously affirmed, without costs.

Plaintiff's contentions regarding the permanency and severity of his injuries turned largely on conflicting medical evidence and other issues of credibility that were properly resolved by the jury (*see Wiseberg v Douglas Elliman-Gibbons & Ives*, 224 AD2d 361 [1996]). We take particular note of the reports of physicians to whom plaintiff was referred by his treating physician shortly after the accident, which indicate no fractures of any vertebrae or other serious abnormalities; and the testimony of plaintiff's supervisor at work that plaintiff had resumed his full duties as a security guard, albeit on the less stressful night shift. The damages awarded for past pain and suffering do not deviate materially from what would be reasonable compensation for the resolved, soft tissue injuries established. Plaintiff's

claim that he will require future surgery is against the weight of the evidence; his claim for other items of future medical expense is speculative; his claim for past medical expense makes no references to the record and appears to be raised for the first time on appeal; and his claim for past lost earnings, which was based solely on his testimony that his salary was approximately $30,000, is undermined by a lack of documentary evidence (*see Martinez v Royal-Pak Sys.*, 300 AD2d 198 [2002]). The trial court properly allowed the testimony of the neurologist who examined plaintiff on defendant's behalf, notwithstanding that the substance of his testimony was not disclosed in accordance with CPLR 3101 (d), where the nondisclosure was unintentional, defendant did alert plaintiff early on of her intent to call a neurologist as an expert at trial, the court offered plaintiff an adjournment and directed defendant to bear the cost of any rebuttal witness that plaintiff might wish to call, and it does not otherwise appear that plaintiff was prejudiced by the late disclosure (*cf. McDermott v Alvey, Inc.*, 198 AD2d 95 [1993]). We have considered plaintiff's other arguments and find them unavailing. Concur—Nardelli, J.P., Tom, Rosenberger, Ellerin and Gonzalez, JJ.