■ MOSES HAUT, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [768 NYS2d 497]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Gigante, J.), dated August 6, 2002, which, upon a jury verdict on the issue of liability in favor of the defendants and against him and upon an order of the same court dated July 9, 2001, denying his motion pursuant to CPLR 4404 (a), inter alia, to set aside the verdict as against the weight of the evidence and for a new trial, in effect, dismissed the action.

Ordered that the judgment is reversed, on the law and the facts, the action is reinstated, that branch of the motion pursuant to CPLR 4404 (a) which was to set aside the verdict as against the weight of the evidence and for a new trial is granted, a new trial is granted, with costs to abide the event, and the order dated July 9, 2001, is modified accordingly.

On April 29, 1993, the plaintiff, then in his eighties, fell while ascending a staircase leading from an outdoor plaza on premises owned by the defendant New York City Housing Authority (hereinafter the NYCHA). The plaintiff commenced this action against the NYCHA and Loduca Associates, alleging that the temporary wooden handrail installed by Loduca Associates, at the direction of the NYCHA, was loose and wobbly and caused the plaintiff to fall. Two eyewitnesses testified at trial that the plaintiff fell backward after he grasped the left handrail with his left hand and the handrail shook or wobbled. The plaintiff testified at a hearing, conducted pursuant to General Municipal Law § 50-h, which testimony was admitted at trial in lieu of his live testimony, that he fell after grabbing the shaking handrail. The president of Loduca Associates, called as a hostile witness by the plaintiff, testified that his company did not separately

bolt or anchor the handrail into the concrete of the staircase, at the direction of the NYCHA.

After a trial on the issue of liability, the jury returned a verdict finding that the defendants were negligent, but that their negligence was not a proximate cause of the plaintiff's accident. Judgment was entered in favor of the defendants, and the plaintiff appeals.

We agree with the plaintiff's contention that the jury could not have reached its verdict on any fair interpretation of the evidence, and thus its verdict was against the weight of the evidence (*see Lucio v Pisanello,* 227 AD2d 390, 391 [1996]; *see also Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Bendersky v M & O Enters. Corp.,* 299 AD2d 434, 435 [2002]). The preponderance of the evidence supports the conclusion that the accident was caused when the plaintiff grasped a wobbly and unsecured handrail. No evidence was adduced that the accident was caused in any other manner, and no fair interpretation of the evidence supports the jury's conclusion that the accident had another cause (*see Lucio v Pisanello, supra; Gramm v State of New York,* 28 AD2d 787, 788 [1967]). Accordingly, we grant the plaintiff a new trial (*see Cohen v Hallmark Cards,* 45 NY2d 493, 498 [1978]; *Nicastro v Park,* 113 AD2d 129, 133 [1985]).

In light of the foregoing, we do not reach the plaintiff's remaining contention. Altman, J.P., Smith, Friedmann and Crane, JJ., concur.