■ JAMES DIAZ et al., Respondents, v SILVER BELL COMPANY LIMITED PARTNERSHIP et al., Defendants, and THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Respondent, and EMIL LANDAU TERM TRUST OF MAY 1, 1989, Appellant. [794 NYS2d 354]—

Order, Supreme Court, New York County (Paula J. Omansky, J.), entered August 12, 2004, insofar as it denied the motion of Emil Landau Term Trust of May 1, 1989, for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.

Defendant Trust failed to sustain its initial burden of negating the possibility that the icy patch on which plaintiff sustained personal injuries resulted from a water accumulation caused by a recurrent water runoff condition that was known to the Trust, as owner of the premises. The deposition of the property manager that it was the Trust's responsibility to make surface repairs in the parking lot, that his weekly inspection of the property included a walk-through of the receiving area of the premises, and that he recalled receiving a letter from the lessee regarding a water runoff problem allegedly causing ice to form, raises questions of fact concerning the creation of the icy condition and the Trust's notice thereof (see Welch v Riverbay Corp., 273 AD2d 66 [2000]). Concur—Mazzarelli, J.P., Sullivan, Ellerin, Gonzalez and Sweeny, JJ.