■ SERVIO MORENO, Respondent, v LUIS FABRE, Appellant. [847 NYS2d 61]—

Judgment, Supreme Court, New York County (Donna M. Mills, J.), entered December 6, 2005, after a jury verdict, awarding plaintiff the aggregate principal sum of $75,000 for past and future pain and suffering, unanimously affirmed, without costs.

The trial court providently exercised its discretion in permitting plaintiff's medical expert to testify about plaintiff's MRI films (*St. Hilaire v White*, 305 AD2d 209 [2003]). Defendant was properly notified that the expert would be called to testify at trial and was given his reports, which noted that he had reviewed plaintiff's previous medical reports that defendant knew included the MRI report. Furthermore, the expert's opinion of the MRI films and his conclusion about plaintiff's condition was substantially the same as the MRI report. In any event, defendant was not surprised or prejudiced by plaintiff's failure to disclose that his expert would offer an opinion of the MRI films at trial since the MRI report and the expert's reports were clearly central to plaintiff's case and since the "expert's testimony did not transcend the scope of information set forth in the applicable expert disclosure form or the previously exchanged medical reports, received well before trial" (*Farrell v Gelwan*, 30 AD3d 563, 563 [2006]).

Viewing the evidence in the light most favorable to plaintiff, it cannot be said that no valid line of reasoning and permissible inferences supports the conclusion reached by the jury that plaintiff sustained a serious injury (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]).

The trial court improperly refused the defendant's request for a missing witness charge, since the physician who treated plaintiff during the four months following the accident was the only potential witness who could testify regarding plaintiff's condition during the six months following the accident. However, such testimony was only material to plaintiff's 90/180 claim, i.e., his ability to resume his usual and customary activities for at least 90 days during the 180 days following the accident. Inasmuch as the jury was asked to return a special

verdict in this case, the question of "serious injury" (Insurance Law § 5102 [d]) was established with its affirmative answer to the first question ("significant limitation of use of a body function or system"), regardless of the alternative 90/180 test of the statute. Concur—Lippman, P.J., Mazzarelli, Andrias, Buckley and Sweeny, JJ.