■ DELORES TOMAINO et al., Respondents, v 209 EAST 84TH STREET CORP., Appellant. [900 NYS2d 245]—

Orders, Supreme Court, New York County (Paul G. Feinman, J.), entered October 19, 2009, which denied defendant's motions for summary judgment dismissing the complaint and to preclude plaintiffs' expert testimony, respectively, unanimously affirmed, without costs.

Defendant failed to satisfy its prima facie burden of establishing the absence of issues of fact concerning the injured plaintiff's inability to identify the cause of her fall and whether it created or had actual or constructive notice of the hazardous condition that caused the fall (see Winegrad v New York Univ. Med. Ctr.,

64 NY2d 851, 853 [1985]; *Fernandez v VLA Realty, LLC*, 45 AD3d 391 [2007]; *Pena v Women's Outreach Network, Inc.*, 35 AD3d 104, 109 [2006]).

We reject defendant's contention that plaintiff was required to identify at the time of the accident exactly where she fell and the precise condition that caused her to fall (*see Welch v Riverbay Corp.*, 273 AD2d 66 [2000]; *Vitanza v Growth Realties*, 91 AD2d 917 [1983]; *Gramm v State of New York*, 28 AD2d 787, 788 [1967], *affd* 21 NY2d 1025 [1968]). Plaintiff identified the location of her fall in her deposition testimony and stated that she pointed this location out to an employee of defendant when he found her at the bottom of the stairs. Although she did not know at the time that she slipped on the steps because of the worn treads, she discovered this when she returned to the scene a few weeks later (*see Seivert v Kingpin Enters., Inc.*, 55 AD3d 1406 [2008]; *Sweeney v D & J Vending*, 291 AD2d 443 [2002]). Based on the testimony of two employees of defendant that the photographs taken two to three months after the accident accurately represented the condition of the treads on the steps before and on the day of the accident, there is no reason to believe that the condition of the treads changed significantly between the date of the accident and the date of plaintiff's return to the scene.

The court properly declined to preclude plaintiffs' expert's affidavit and testimony. Plaintiffs established good cause for the untimely disclosure (*see LaFurge v Cohen*, 61 AD3d 426 [2009], *lv denied* 13 NY3d 701 [2009]; *St. Hilaire v White*, 305 AD2d 209, 210 [2003]), which does not appear to have surprised or prejudiced defendant (*see Moreno v Fabre*, 46 AD3d 254, 255 [2007]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Nardelli, Acosta and Renwick, JJ.