■ MIRTA ESPONDA, Respondent, v ANA RAMOS-CIPRIAN, Appellant, et al., Defendant. [19 NYS3d 419]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered July 16, 2014, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial

summary judgment as against defendant Ramos-Ciprian, and denied said defendant's cross motion for summary judgment dismissing the complaint as against her, unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs.

Plaintiff established prima facie that defendant's single-family residential real property was not used exclusively for residential purposes and therefore that defendant was not entitled to the exemption from tort liability for injuries to third persons on the sidewalk abutting the property (*see* Administrative Code of City of NY § 7-210 [b]). However, in opposition, defendant raised an issue of fact whether the part-time business she ran from her home was "merely incidental to [her] residential use of the property" (*see Coogan v City of New York*, 73 AD3d 613, 614 [1st Dept 2010]).

Plaintiff established that defendant had known about a certain condition of the sidewalk abutting her property for several years preceding plaintiff's accident (*see Sacco v City of New York*, 92 AD3d 529 [1st Dept 2012]). However, defendant raised an issue of fact whether the subject condition was a defective condition (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66 [2015]; *Pena v Women's Outreach Network, Inc.*, 35 AD3d 104, 109 [1st Dept 2006]).

Defendant failed to establish that plaintiff was unable to identify the cause of her fall (*see e.g. Tomaino v 209 E. 84th St. Corp.*, 72 AD3d 460 [1st Dept 2010]). Concur—Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ.