■ LOLITA KELSEY, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant.—Judgment, Supreme Court, New York County, entered January 22, 1975, after a jury trial, in favor of plaintiff in the sum of $25,512.95, unanimously affirmed. Respondent shall recover of the appellant $60 costs and disbursements of this appeal. The duty of a terminal operator to the patrons using such a facility is that of ordinary care *(Kelly v Manhattan Ry. Co.,* 112 NY 443). Where the defendant causes or permits a temporary slippery condition to exist, there may be liability—which issue is for the jury to decide *(Schumm v 25th Props.,* 283 NY 723). Plaintiff, a 69-year-old widow, testified that she saw cigarette butts, paper cups and wetness on two steps of the stairway the first time she descended, but on her second descent some 15 to 20 minutes later, she stepped on something that slipped, causing her to fall and suffer a trimalleolar fracture of the left ankle. Although plaintiff was unable to specify the precise condition which caused her fall, the jury could reasonably infer that the condition present when she first descended the stairway remained unchanged for 15 to 20 minutes and was the proximate cause of the fall (see *Gramm v State of New York,* 28 AD2d 787, affd 21 NY2d 1025). Although it is claimed that defendant did not have actual notice of the condition, there is proof in the record indicating constructive notice. In determining whether a defendant has sufficient notice of a dangerous condition, a jury should consider the type of premises involved, and that when an owner or operator "invites the participation of the public in his operation, necessarily he must recognize and be ready to discharge a heightened duty arising out of the dangers reasonably to be expected from that participation" *(Cameron v Bohack Co.,*

27 AD2d 362, 365). In the case at bar, the promulgation of work rules governing building attendants indicates that the defendant was aware of that "heightened duty". Whether it fulfilled same was properly left to the jury to determine. The building attendants were instructed to pay special attention to the fast elimination of all spillages. A building attendant was present at the scene just prior to the accident. Under such circumstances, the jury could reasonably conclude that the dangerous condition which caused plaintiff's injury was not properly observed or, although observed, not cleaned (see, also, *Greco v Acme Super Markets,* 17 AD2d 899). It is noted that we are not concerned here with a latent or dormant condition. The issue of plaintiff's contributory negligence was properly submitted to the jury and on this record there is no warrant for disturbing their finding in this regard (see *Friedman v City of New York,* 25 NY2d 764). Finally, although the trial court may have over-emphasized the significance of plaintiff's Exhibit No. 2 (Port Authority Bus Terminal routine) in its charge, said charge, read as a whole, fairly conveyed to the jury the accepted meaning of reasonable care and constructive notice. Concur—Stevens, P. J., Kupferman, Lupiano, Lane and Lynch, JJ.