■ PHYLLIS WEISENTHAL, Appellant, v MORTON PICKMAN et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), entered July 1, 1988, which, upon the defendants' motion made at the close of the plaintiff's case for judgment as a matter of law, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, and a new trial is granted.

The evidence adduced by the plaintiff was legally sufficient to permit the trier of fact to infer that the defendants owned and had control over a stairway which, toward the end of each week, invariably became littered with several items of debris. The plaintiff's evidence was similarly sufficient to permit an inference that, despite their actual knowledge that garbage was being strewn about on the stairway by the building's occupants during the course of each week, the defendants negligently failed to take the measures which were necessary in order to avoid the creation of the dangerous condition which inevitably resulted. Also, the jury could have inferred that this negligent omission on the part of the defendants was the cause of the plaintiff's fall and her consequent injuries.

The trial court dismissed the plaintiff's action upon the premise that the evidence in question was insufficient to show that, before the occurrence of the accident, the defendants had either actual or constructive knowledge of the existence of the exact item of debris which caused the plaintiff to fall. The court interpreted the case of *Gordon v American Museum of Natural History* (67 NY2d 836) as holding that such proof is required. We do not believe that this interpretation is correct.

In the *Gordon* case, the plaintiff had attempted to impose liability upon a defendant based upon proof that he had slipped and fallen as a result of stepping on a piece of paper. This piece of paper was not dirty or worn, and there was no other evidence from which it could be inferred that the defendant should have learned of its existence prior to the accident *(see, Gordon v American Museum of Natural History, supra,* at 838). In light of the particular facts of the *Gordon* case, where the evidence established that the accident occurred in a crowded, outdoor area (the front steps of the American Museum of Natural History), the Court of Appeals concluded that any finding of fact, other than that the piece of paper upon which the plaintiff slipped had been discarded "only minutes or seconds before" the accident, would amount to "pure speculation" *(Gordon v American Museum of Natural History, supra,* at 838).

There is an important distinction to be made between the outdoor setting of the *Gordon* case and the indoor setting of the case now under review *(see generally, 1986 Survey of New York Law, Torts,* 38 Syracuse, L Rev 545, 562, n 125 [1987]). Unlike the outdoor public gathering place maintained by the defen-

dant in the *Gordon* case, the indoor stairwell at issue in the present case could have been swept clean effectively on a daily basis. In the present case, the evidence tends to show that the debris piled up in the defendants' stairwell over the course of days, rather than over the course of minutes or seconds, thus making it a matter of permissible inference, rather than a matter of "pure speculation", to conclude that, if the defendants had taken reasonable precautions in maintaining their premises, the plaintiff's accident would have been prevented.

Another important distinction is that in the present case, there is proof from which the inference could be drawn that the defendants had *actual* knowledge of a recurrent dangerous condition. The evidence in the present record would have allowed the jury to infer that the particular dangerous condition at issue, i.e., the litter-strewn stairway, reoccurred with complete regularity at weekly intervals, and that the defendants had actual knowledge of this situation. When a landowner has actual knowledge of the tendency of a particular dangerous condition to reoccur, he is charged with constructive notice of each specific reoccurrence of that condition *(see generally, Hetzel v Jewel Cos.,* 457 F2d 527 [7th Cir] [applying Indiana law]; *see also,* Annotation, *Slip and Fall—Notice,* 85 ALR3d 1000, 1007).

Adoption of a rule that the plaintiff in cases such as this must prove that the defendants knew or should have known of the existence of the exact piece of debris which caused the accident would lead to absurd results. If, for example, a plaintiff were to prove that a defendant landowner negligently allowed the floor of his premises to become dangerous as the result of an accumulation, over the course of several days, of hundreds of cigarette butts, it would be illogical to hold that the plaintiff's case must be dismissed, simply because of a failure to prove that the one particular cigarette butt which caused the accident had been on the floor for a long enough period of time to warrant a finding of constructive notice of its existence. Such a rule would not only be contrary to logic and common sense, it would also be contrary to express statements made by the courts in *Gramm v State of New York* (28 AD2d 787, *affd* 21 NY2d 1025, *on majority opn at App Div)* and *Kelsey v Port Auth.* (52 AD2d 801), cases which were not overruled in *Gordon.*

In *Gramm v State of New York (supra),* the Court of Claims found that the defendant had permitted a stairway under its control to become "wet, slippery [and] unswept". However, the Court of Claims also found that the plaintiff, who slipped and

fell from one of the steps, had failed to prove that there was any litter on the step from which she fell *(Gramn v State of New York, supra,* at 788 [dissenting opn])*.* The affirmance by the Appellate Division, Third Department, of the Court of Claims' judgment in favor of the plaintiff necessarily reflects a holding that it is unnecessary for a plaintiff to identify the single piece of litter which, out of all the other pieces of litter scattered about a poorly maintained stairway or floor, was the direct cause of the accident. In the words of the opinion of the majority at the Appellate Division in the *Gramm* case *(supra,* at 788), which was adopted by the Court of Appeals, it is unnecessary for the plaintiff to prove "the precise condition of the particular step upon which she fell, as respected one or more of the negligent conditions found applicable to the stairway generally". The facts of the *Gramm* case, unlike those of the *Gordon* case, cannot be distinguished from the facts of the case now under review, and must be considered controlling.

In *Kelsey v Port Auth. (supra,* at 801), the plaintiff proved that a stairway in the defendant's terminal had been littered for 15 to 20 minutes with "cigarette butts, paper cups and wetness" when, as she descended the stairs, she slipped on something which she was "unable to specify". The Appellate Division, First Department, affirmed the verdict in favor of the plaintiff, holding that identification of the precise condition upon which the plaintiff fell was unnecessary. The facts of the *Kelsey* case are also indistinguishable from the facts of the present case.

In accordance with the foregoing precedent, we conclude that the trial court erred in granting judgment as a matter of law in favor of the defendants during trial. Bracken, J. P., Eiber and Harwood, JJ., concur.

Balletta, J., dissents and votes to affirm the judgment appealed from, with the following memorandum: I respectfully disagree with the conclusion reached by my colleagues and vote to affirm the judgment. In my view, the plaintiff's evidence was insufficient to raise a question of fact for the jury on the issue of the defendants' constructive notice of the alleged substance that it is claimed caused her to fall. Accordingly, the trial court properly granted the defendants' motion to dismiss the complaint at the close of plaintiff's case *(see, Sherman v Tamarack Lodge,* 146 AD2d 767).

It is well established that in order to constitute constructive notice, a defect must be visible and apparent and it must exist

for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it *(see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Lewis v Metropolitan Transp. Auth.,* 64 NY2d 670).

The case of *Gordon v American Museum of Natural History (supra)* is clearly dispositive of this matter. The plaintiff in *Gordon* was descending the upper level of the entrance steps of the Museum when he slipped on the third step. He claimed that while in midair he saw a "piece of white, waxy paper next to his left foot" *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837, *supra).* The Court of Appeals dismissed the complaint finding that the plaintiff had failed to establish "constructive notice of the particular condition that caused his fall" *(Gordon v American Museum of Natural History, supra,* at 838). The court noted that no one, including the plaintiff, had observed the paper prior to the accident, nor had the paper been described "as being dirty or worn, which would have provided some indication that it had been present for some period of time". Therefore, the paper could have been on the steps for only minutes or seconds before the plaintiff's fall.

Similarly, in the instant case, the plaintiff testified that as she was descending the upper level of the stairway in the office building where she worked, she fell when she reached the second step. While she was lying at the bottom of the stairs, the wife of the plaintiff's brother-in-law removed a piece of sticky candy wrapper, approximately 1½ by 2½ inches from the plaintiff's shoe. Neither the plaintiff, nor her brother-in-law and his wife, had seen the paper prior to the accident. Thus, as in *Gordon,* there was no evidence that the candy wrapper had been on the stairway for a sufficient length of time so as to charge the defendants with constructive notice of its existence *(see, Anderson v Klein's Foods,* 73 NY2d 835; *Torri v Big V,* 147 AD2d 743; *see also, Kritz v Manufacturers Hanover Trust Co.,* 33 AD2d 753). Indeed, there is no evidence in the record that the candy wrapper was even on the stairs *(see, Felgenhauer v Atlantic & Pac. Tea Co.,* 94 AD2d 737).

The plaintiff's strategy at trial in this case was to demonstrate that the defendants had constructive notice of the wrapper by the fact that the staircase was strewn with litter. However, as the Court of Appeals made clear in *Gordon,* such a "bootstrapping" argument must fail. "Contrary to plaintiff's contentions, neither a general awareness that litter or some other dangerous condition may be present *(see, Bogart v*

*Woolworth Co.,* 24 NY2d 936, *revg* 31 AD2d 685) nor the fact that plaintiff observed other papers on another portion of the steps approximately 10 minutes before his fall is legally sufficient to charge defendant with constructive notice of the paper he fell on" *(Gordon v American Museum of Natural History, supra,* at 838).

The distinction the majority attempts to make between this case and the *Gordon* case is not persuasive. The stairway herein was the central stairway of a busy office building, leading from the entrance on Queens Boulevard to the second floor where some 20 to 25 offices were located. The building is open to the general public, and people go in and out of the building on business all the time. The plaintiff did not see the wrapper when she ascended the stairs at 9:00 A.M. or when she descended them at 1:00 P.M. when the accident happened. Thus, contrary to the majority's view, it is not "pure speculation" to conclude that the wrapper had only been there for a few minutes.

Moreover, the cases of *Gramm v State of New York* (28 AD2d 787, *affd* 21 NY2d 1025) and *Kelsey v Port Auth.* (52 AD2d 801), relied upon by the majority, are distinguishable from the instant case. As explained by the Court of Appeals in *Gordon v American Museum of Natural History* (67 NY2d 836, 838, *supra):* "In both cases constructive notice was established by other evidence and the issue was whether plaintiffs had presented sufficient evidence on the issue of causation insofar as both plaintiffs failed to specify which step they had fallen on and what condition—wear, wetness or litter—had caused them to slip. In each case, the court concluded that plaintiff had presented a prima facie case because a fall was a natural and probable consequence of the conditions present on the stairs. The defect in plaintiff's case here, however, is not an inability to prove the causation element of his fall but the lack of evidence establishing constructive notice of the particular condition that caused his fall".

Given the fact that the plaintiff failed to demonstrate that the defendants had actual or constructive knowledge that the wrapper was in fact on one of the stairs, the trial court properly granted the defendants' motion for judgment as a matter of law.