■ JORGE L. ALVAREZ et al., Respondents-Appellants, v MENDIK REALTY PLAZA, INC., et al., Defendants, and MENDIK REALTY Co., INC., Appellant-Respondent.—Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered March 8, 1990, which, inter alia, awarded damages to plaintiffs upon a jury verdict in their favor, unanimously affirmed, without costs.

On January 18, 1984, plaintiff sustained a herniated disc when he slipped and fell on debris lying on a stairway at Two Penn Plaza, which is managed by defendant. As a result, plaintiff underwent surgery the next month but nevertheless continued to suffer back pain up until the time of trial in October, 1989.

We find that plaintiff presented sufficient evidence to show that there was "a lack of ordinary care in the management of the premises at the time and place in question" *(Quinlan v Cecchini,* 41 NY2d 686, 690). Specifically, there was sufficient evidence from which the jury could infer that defendant had actual knowledge that vagrants customarily congregated on the stairway and discarded debris there which was regularly permitted to remain for an unreasonable period of time. The jury was therefore entitled to charge defendant with constructive knowledge of each reoccurrence of the hazardous condition *(see, Morales v Jolee Consolidators,* 173 AD2d 315; *Weisenthal v Pickman,* 153 AD2d 849). Under such circumstances the jury was entitled to find that the defendant "should reasonably have foreseen that, under the conditions which prevailed, it was only a matter of time until someone might be injured" *(Quinlan v Cecchini, supra,* at 690).

Plaintiffs' testimony, when considered along with the medical records detailing Mr. Alvarez' hospital stay and surgery, adequately established both causation and the permanency of Mr. Alvarez' injury *(Shaw v Tague,* 257 NY 193). Moreover, we find that the jury's determination that Mr. Alvarez' apportioned liability for his fall was only 25% was not against the weight of the evidence *(cf., Morales v Jolee Consolidators, supra)* and that the damages awarded to each plaintiff fell within the range of reasonable compensation for the injuries suffered. Concur—Sullivan, J. P., Milonas, Ellerin and Ross, JJ.