■ VERA GOLDBERG, Respondent, v STEVEN HOFFENBERG et al., Appellants. [641 NYS2d 57] —In an action to recover damages for personal injuries, the defendants separately appeal from an order of the Supreme Court, Kings County (Ramirez, J.), dated March 29, 1995, which denied their separate motions for summary judgment dismissing the complaint and all cross claims asserted against them.

Ordered that the order is reversed, on the law, with one bill

of costs to the appellants appearing separately and filing separate briefs, the motions are granted, and the complaint and all cross claims are dismissed.

The plaintiff allegedly slipped on an accumulation of grease in the driveway of property owned by the defendant Jacqueline Goldman and leased by the defendant Steven Hoffenberg. Although the plaintiff submitted evidence that the area in question was regularly used as a parking area, the only evidence that grease or oil accumulated in the gravel driveway was the plaintiff's statements made by her in deposition testimony and in affidavits to the effect that she observed a grease spill on the day she fell.

In addition, there was no evidence that the defendants had actual notice of the accumulation of grease in the driveway, or that the alleged hazardous condition was visible, apparent, and existed for a sufficient length of time to constitute constructive notice (*see, Gordon v American Museum of Natural History,* 67 NY2d 836). Contrary to the plaintiff's contention, the evidence was insufficient for the trier of fact to rationally infer that the defendants had actual notice of a recurring hazard such that they should be charged with constructive notice of each specific recurrence of the condition (*cf., Morales v Jolee Consolidators,* 173 AD2d 315; *Weisenthal v Pickman,* 153 AD2d 849; *see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Mercer v City of New York,* 223 AD2d 688). Therefore, the defendants' respective motions for summary judgment should have been granted.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Copertino, Santucci and Goldstein, JJ., concur.