■ LINDA KAPLAN, Appellant, v WALDBAUM'S INC., Respondent. [647 NYS2d 560] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 8, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In order for a plaintiff in a "slip and fall" case to establish a prima facie case of negligence, the plaintiff must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition (*see, Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280, 281). Contrary to the plaintiff's contention, the defendant met its initial burden of showing that it lacked actual or constructive notice of the alleged liquid in the produce aisle (*see, Giacomontonio v Incorporated Vil. of Val. Stream,* 224 AD2d 580; citing, *inter alia, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

Contrary to the plaintiff's further contention, there is no ev-

idence in the record suggesting that the defendant created the allegedly dangerous condition or that it had actual knowledge that liquid in the produce aisle was a recurring condition so as to charge it with constructive knowledge of each specific reoccurrence (*see, Weisenthal v Pickman,* 153 AD2d 849). The only evidence that the plaintiff produced regarding her contention that liquid on the floor was a recurring condition was her affidavit in which she claimed that "[o]n occasion [when she shopped at the store, she] witnessed puddles on the floor as a result of water dripping from the produce being stocked in the morning". This was insufficient to create a question of fact as to any recurring condition (*cf. Weisenthal v Pickman,* 153 AD2d 849, *supra; Padula v Big V Supermarkets,* 173 AD2d 1094).

Accordingly, the defendant's motion for summary judgment was properly granted. O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.