■ DIANE O'CONNOR-MIELE et al., Appellants, v BARHITE & HOLZINGER, INC., et al., Respondents. [650 NYS2d 717] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about May 25, 1995, which granted defendants' motion pursuant to CPLR 3212 for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

"[O]n a defendant's motion for summary judgment, opposed by plaintiff, we are required to accept the plaintiff's pleadings, as true, and our decision 'must be made on the version of the facts most favorable to [plaintiff]'." (*Henderson v City of New York*, 178 AD2d 129, 130, quoting *Strychalski v Mekus*, 54 AD2d 1068, 1069.) Applying that standard to the matter herein, we find that the evidence presented by plaintiff created a material question of fact which precludes summary judgment.

It is well established that a landowner is under a duty to maintain its property in a reasonably safe condition under the extant circumstances, including the likelihood of injuries to others, the potential for any such injuries to be of a serious nature and the burden of avoiding the risk (*Basso v Miller*, 40 NY2d 233, 241; *Karamarios v Bernstein Mgt. Corp.*, 204 AD2d 139). This duty is, of course, tempered, as defendants point out, by the necessity that a party, as a prerequisite for recovering damages, must establish that the landlord created or had either actual or constructive notice of the hazardous condition that precipitated the injury (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838), and by the rule that, "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the owner's] employees to discover and remedy it" (*supra*, at 837).

While this burden is a significant one, it is clear that, contrary to defendant's contention, plaintiff may satisfy it by evidence that an ongoing and recurring dangerous condition

existed in the area of the accident which was routinely left unaddressed by the landlord (see, *Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294; *Padula v Big V Supermarkets*, 173 AD2d 1094).

Here, defendants have not shown, as they must in order to obtain summary judgment, that plaintiff will be unable to satisfy that burden at trial. Plaintiff offered evidence that her slip and fall in the stairwell of a building owned by defendants was caused by the accumulation of debris therein, particularly of soap powder which was frequently present in the stairwell due to spillage by tenants moving from floor to floor to find an available washing machine. Moreover, her own statement that this condition was frequent, ongoing and customary was supported by an affidavit of her neighbor. Under these circumstances, the presentation by defendants of evidence that the stairwell was kept clean did no more than confirm the existence of a question of fact as to the ongoing condition of the stairwell. Concur—Sullivan, J. P., Ellerin, Ross, Tom and Mazzarelli, JJ.