■ JOHN A. CROSBY et al., Respondents, v OGDEN SERVICES CORPORATION, Individually and Doing Business as OGDEN ALLIED, Appellant. (And a Third-Party Action.) [653 NYS2d 117] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered April 10, 1996, which denied defendant's motion for summary judgment, unanimously affirmed, without costs.

Defendant, which contracted with plaintiff's employer to perform janitorial services on the employer's premises, including the interior stairway where plaintiff fell, can be held liable to plaintiff for its negligent performance or nonperformance of those duties (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579). Given this duty of reasonable care to plaintiff, and assuming, as plaintiff claims, that the cause of his fall was debris on the stairway, the only question is whether defendant negligently performed its contractual duties or omitted to perform those duties. That question is an issue of fact, raised by the deposition testimony of plaintiff that he repeatedly observed debris on the stairway, including the day before the accident, and of defendant's site supervisor that he observed cigarette debris on the stairway every time he visited the location during the six months prior to the accident and that he had no knowledge whether and to what extent defendant's employees performed defendant's contractual duty to sweep and mop the stairway daily during the two days prior to the accident. Upon such evidence, a jury might find, for example, that defendant negligently failed to devise or implement a clean-up schedule sufficiently frequent to avoid the creation of a dangerous condition on the stairway (*see, Weisenthal v Pickman*, 153 AD2d 849). Concur—Sullivan, J. P., Ellerin, Rubin and Mazzarelli, JJ.