■ CAROLE S. LOWE, Appellant, v OLYMPIA & YORK COMPANIES (USA), INC., Respondent. [656 NYS2d 930] —In an action to

recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Yoswein, J.), dated November 1, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when she slipped on water that had accumulated on the floor of a bathroom in a building owned and maintained by the defendant. In order to establish a prima facie case of negligence, the plaintiff must demonstrate that the defendant created the condition which caused the accident, or that it had actual or constructive notice of the condition (*see, Kaplan v Waldbaum's Inc.*, 231 AD2d 680; *Kraemer v K-Mart Corp.*, 226 AD2d 590; *Mercer v City of New York*, 223 AD2d 688, *affd* 88 NY2d 955).

The defendant moved for summary judgment and met its initial burden of showing that it lacked actual or constructive notice that there was water on the floor of the bathroom. Moreover, the plaintiff does not contend, and there is no evidence in the record, that the defendant created this condition. We agree with the Supreme Court that the plaintiff failed to present sufficient proof to create a question of fact with respect to her contention that the defendant had actual or constructive notice of the condition which caused her fall. Contrary to the plaintiff's contention, evidence that the defendant had notice that water accumulated on the bathroom floor on two prior occasions over a one-year period was legally insufficient to constitute notice of the particular condition which caused her to fall (*see, Piacquadio v Recine Realty Corp.*, 84 NY2d 967; *Kaplan v Waldbaum's Inc., supra; Mercer v City of New York, supra*). Mangano, P. J., O'Brien, Thompson and Goldstein, JJ., concur.