■ ANTHONY RAMOS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [671 NYS2d 74] —Judgment, Supreme Court, Bronx County (George Friedman, J.), entered on or about June 24, 1997, pursuant to plaintiff's stipulation agreeing to a reduction of the jury verdict, awarding plaintiff damages structured pursuant to CPLR article 50-B, unanimously affirmed, without costs or disbursements. Appeal from order, same court and Justice, entered on or about September 30, 1996, which granted defendant's motion pursuant to CPLR 4404, insofar as to direct a new trial on damages only unless plaintiff stipulated to reduced damages, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

The trial court, without exception from defendant, charged the jury on the imposition of liability based on a recurring hazardous condition, such theory thus becoming the legal standard by which the sufficiency of the evidence must be judged. (*See, Harris v Armstrong*, 64 NY2d 700, 702.) Given the evidence that the stairwell in which plaintiff fell was used as a "hang out" and would regularly become cluttered with debris and soiled with vomit and human waste between scheduled cleanings, the jury was entitled to conclude that plaintiff's fall was caused by a recurrent hazard routinely left unremedied by defendant (*Megally v 440 W. 34th St. Co.*, 246 AD2d 346; *O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 106-107; *Alvarez v Mendik Realty Plaza*, 176 AD2d 557, lv denied 79 NY2d 756; *Weisenthal v Pickman*, 153 AD2d 849, 851).

The damages awarded, as reduced, constituted reasonable compensation in light of the severity of the fracture, and plaintiff's age, level of activity prior to the injury and unfavorable prognosis.

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rubin and Tom, JJ.