■ SUZANNE ENDRES, Respondent, et al., Plaintiffs, v MINGLES RESTAURANT, LTD., Defendant, and MCP RESTAURANT, INC., Doing Business as MINGLES, Appellant. [706 NYS2d 32] —Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered December 9, 1998, which, after a jury trial, awarded plaintiff-respondent Suzanne Endres the total sum of $384,074.45, for personal injuries suffered in a fall while dancing at premises owned by defendant-appellant, unanimously affirmed, without costs.

Although plaintiff could not identify the specific substance upon which she slipped and fell while dancing on defendant's premises, there was sufficient evidence that debris did accumulate and, on the occasion of plaintiff's fall, had accumulated, including a concession by the owner of the bar that patrons threw cups in which jello-based drinks had been served onto the floor. Given this evidence, the jury's verdict for the plaintiff should not be disturbed; the evidence of a recurring condition was sufficient to demonstrate constructive notice of the hazard that caused plaintiff's injury (see, O'Connor-Miele v Barhite & Holzinger, 234 AD2d 106, 106-107). While one of the witnesses who testified to the condition of the bar floor was not present on the night of the accident, the testimony from plaintiff, the bar owner and other witnesses provided a sufficient basis for finding that unsafe conditions existed on the occasion of the accident.

It was not error to refuse to charge assumption of the risk since the dancing engaged in by plaintiff at the time of her accident was not inherently dangerous (see, Morgan v State of New York, 90 NY2d 471, 482-483). While defendant claims that dancing was prohibited, the record is bereft of any evidence that defendant took steps to prevent dancing, and, indeed, suggests that dancing was conducive to the atmosphere which defendant sought to promote among its clientele.

Finally, while the trial court discovered subsequent to the jury's discharge, when clarification was no longer possible, that the jury on its verdict sheet had apportioned liability 80% to defendant and 20% to plaintiff, despite having responded to an interrogatory by indicating that plaintiff's negligence was not a substantial factor in causing her injuries, defendant was not prejudiced as a consequence of this apparent inconsistency since plaintiff thereafter stipulated to a 20% reduction in the damages awarded. We recognize that where a jury's findings with regard to proximate cause and negligence are inconsistent, the preferred remedy is a new trial (see, e.g., Kim v Cippola, 231 AD2d 886; Pimpinella v McSwegan, 213 AD2d 232).

In this case, however, the jury clearly rejected defendant's defense that plaintiff's injury was not caused by the condition of the floor but by her having been dropped by her dancing partner, and, thus, the stipulated reduction in damages judiciously effected the result evidently intended by the jury. Concur—Sullivan, P. J., Nardelli, Tom, Mazzarelli and Wallach, JJ.