■ SALVATORE FUNDARO, Respondent, v CITY OF NEW YORK et al., Appellants. [708 NYS2d 149] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Jackson, J., on judgment; Ramirez, J., at trial), entered October 8, 1998, which, upon a jury verdict on the issue of liability finding the defendants 75% at fault in the happening of the accident and the plaintiff 25% at fault, and upon denying their motion made at the close of evidence for judgment in their favor as a matter of law, and upon a jury verdict on the issue of damages awarding the sum of $650,000 (including $280,000 for future medical, hospital, and rehabilitation expenses), and upon reducing that sum to the sum of $487,500 to reflect the plaintiff's share of fault, is in favor of the plaintiff and against them.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof awarding damages on the plaintiff's cause of action for future medi-

cal, hospital, and rehabilitation expenses, and substituting therefor a provision severing that cause of action and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellants, unless within 30 days after service upon him of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future medical, hospital, and rehabilitation expenses from the sum of $280,000 to the sum of $100,000, and to the entry of an appropriate amended judgment in his favor on that cause of action in the principal sum of $75,000 ($100,000 less 25%); in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment accordingly.

The plaintiff slipped and fell on a wet paper towel as he descended the stairs in a New York City high school, sustaining ankle and knee injuries. After trial, the jury found the defendants 75% at fault in the happening of the accident.

Contrary to the defendants' contention, the plaintiff adduced sufficient evidence from which the jury could rationally conclude that the defendants had constructive notice of the condition which caused his fall. Approximately two hours before his accident, the plaintiff observed litter, including styrofoam plates, milk cartons, and napkins, on the stairway. Immediately before his fall, the litter was still on the stairs. The evidence demonstrated that the debris was visible and had been present on the stairs where the plaintiff fell for a sufficient length of time prior to the accident to have permitted the defendants to have discovered and remedied the condition (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Giambrone v New York Yankees,* 181 AD2d 547). The plaintiff was not required to prove that the defendants knew or should have known of the existence of the exact item of debris which caused his fall (*see, Weisenthal v Pickman,* 153 AD2d 849, 851). Further, the verdict was not contrary to the weight of the evidence as it was based upon a fair interpretation of the evidence presented (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746).

We find, however, that the damages awarded for future medical, hospital, and rehabilitation expenses are excessive to the extent indicated (*see,* CPLR 5501 [c]).

The defendants' remaining contentions are without merit. Altman, Friedmann and Goldstein, JJ., concur.

Santucci, J. P., dissents and votes to reverse the judgment, grant the defendants' motion for judgment as a matter of law, and dismiss the complaint with the following memorandum: The plaintiff alleged that he was injured when he slipped and fell on a wet paper towel as he descended a staircase which led into a cafeteria within a New York City high school. It is well settled that to establish negligence in a slip and fall case, the plaintiff must demonstrate that defendant had actual or constructive notice of the defective condition which caused the accident, or that the defendant created the condition (see, Kraemer v K-Mart Corp., 226 AD2d 590). To constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit a defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837).

In my opinion, the evidence adduced at trial failed to establish that the defendants had actual or constructive notice of the presence of the wet paper towel on the staircase floor (see, Bykofsky v Waldbaum's Supermarkets, 210 AD2d 280; Maiorano v Price Chopper Operating Co., 221 AD2d 698). In particular, there was no evidence to demonstrate the length of time for which the paper towel was on the floor of the staircase before the plaintiff fell. The mere fact that after his accident the plaintiff observed the towel to be wet and dirty does not establish constructive notice (see, Maiorano v Price Chopper Operating Co., supra).

The evidence was also insufficient to establish that the condition which caused the plaintiff's fall was a recurring hazard so as to charge the defendants with constructive knowledge of each specific reoccurrence (see, Kaplan v Waldbaum's Inc., 231 AD2d 680; Goldberg v Hoffenberg, 226 AD2d 424, citing Wiesenthal v Pickman, 153 AD2d 849; cf., Morales v Jolee Consolidators, 173 AD2d 315). At best, the proof tended to show that the defendants have had a general awareness that debris accumulated on this particular staircase given its proximity to the school's cafeteria. However, a general awareness that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused the plaintiff's fall (see, Piacquadio v Recine Realty Corp., 84 NY2d 967, 969). In this regard, it is also significant that the trial court refused to charge the jury that awareness of the general condition was not tantamount to notice of the particular condition at issue.

Accordingly, for the above reasons, I vote to reverse the judgment, grant the defendants' motion for judgment as a matter of law, and dismiss the complaint.