■ BYRON BENN, Respondent, v MUNICIPAL HOUSING AUTHORITY FOR CITY OF YONKERS, Appellant, et al., Defendant. [713 NYS2d 544] —In an action to recover damages for personal injuries, the defendant Municipal Housing Authority for the City of Yonkers appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered November 23, 1999, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff, a security guard in a housing project owned and maintained by the appellant, allegedly slipped on a beer bottle and fell down a flight of stairs as he was descending from the third to the second floor on his tour of duty. The plaintiff testified that tenants in the building had been piling garbage in the stairwells daily since the incinerators had stopped working, and that the light fixtures for the second and third floor landings had been missing for three to four month s.

The plaintiff further testified that he and his supervisors had reported these conditions to the appellant numerous times and that a maintenance man employed by the appellant had been aware of the garbage condition at least two months prior to the plaintiff's accident.

The appellant's motion for summary judgment was properly denied. The plaintiff's evidence sufficiently demonstrated that the appellant had actual and constructive notice of the missing lights (see, Gordon v American Museum of Natural History, 67 NY2d 836; Fundaro v City of New York, 272 AD2d 516). Furthermore, there is evidence that the appellant had actual knowledge of the ongoing and recurring condition of garbage inside the stairwell, and may be charged with constructive notice of each specific re-occurrence of that condition (see, Lopez v New York City Hous. Auth., 255 AD2d 160; McLaughlan v Waldbaums, Inc., 237 AD2d 335, 336; O'Connor-Miele v Barhite & Holzinger, 234 AD2d 106; Chin v Harp Mktg., 232 AD2d 601). Contrary to the appellant's contention, the plaintiff was not required to prove that the appellant knew or should have known of the existence of the exact item of debris which caused his fall (see, Fundaro v City of New York, supra; Weisenthal v Pickman, 153 AD2d 849, 851). O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.