■ MORISSA F. RIVO-LISS et al., Appellants, v CITY OF NEW YORK et al., Respondents. [723 NYS2d 513] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 27, 2000, which granted the motion of the defendant Welsbach Electric Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted the cross motion of the defendants City of New York and New York City Department of Transportation for summary judgment dismissing the complaint and all cross claim insofar as asserted against them.

Ordered that the appeal from so much of the order as granted those branches of the motion and cross motion which were for summary judgment dismissing all cross claims asserted against the respondents are dismissed, as the plaintiffs are not aggrieved by those portions of the order (see, CPLR 5511); and it is further,

Ordered that the order is modified by deleting the provision thereof granting that branch of the cross motion which was to dismiss the complaint insofar as asserted against the defendants City of New York and New York City Department of Transportation and substituting therefor a provision denying that branch of the cross motion; as so modified the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff Morissa Rivo-Liss allegedly was injured when her vehicle struck a concrete base that had been placed by the City of New York in the middle of a roadway. The base normally housed a pedestrian traffic signal, but at the time of the accident, the pole and the signal were both missing and only the concrete base remained. The Supreme Court erred in granting the cross motion of the City defendants for summary judgment upon a finding that there was no actual or constructive notice that the signal and pole were missing. Evidence submitted by the plaintiffs in opposition to the cross motion established that the pole in question had been hit by vehicular traffic five times in the six-month period preceding the accident, thus raising a triable issue as to whether or not the City defendants had notice of a recurring dangerous condition (see, *Vasquez v Figueroa,* 262 AD2d 179; *O'Connor-Miele v Barhite & Holzinger,* 234 AD2d 106).

The plaintiffs' remaining contentions are without merit. Altman, J. P., Florio, Schmidt and Smith, JJ., concur.