■ DILA SIMONI, Appellant, v 2095 CRUGER ASSOCIATES et al., Respondents. [729 NYS2d 10] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered October 3, 2000, which granted defendants' motion for summary judgment dismissing plaintiff's complaint, unanimously reversed, on the law, without costs, defendants' motion denied, and the complaint reinstated.

Plaintiff slipped and fell on debris in the stairwell of defendants' building. She was at the building to pick up her adult daughter, who was visiting a friend, Marisol Gonzalez, who lived there. At her deposition, plaintiff testified that the stairwell in the building was very dirty; that there was garbage all over the place; that she slipped and fell on "ice cream or some kind of cake" on the second-floor landing, slid down five stairs, and woke up in the hospital. Plaintiff's daughter submitted an affidavit stating that she frequently visited the building; that she had been in the stairwell four or five hours before her mother's accident; and that it was illuminated by only a flickering lightbulb and was littered with trash, banana peels, papers, and other debris. The daughter also stated that she had been in the building's stairwell at least eight to ten times that month, and that on each occasion, it was littered with debris similar to that which existed on the date of her mother's accident. Marisol Gonzalez also submitted an affidavit stating that for four years prior to the accident, the building was rarely cleaned. Gonzalez also stated that management ignored the tenants' frequent complaints about the condition of the building.

· Defendants moved for summary judgment, arguing that they

did not have actual or constructive notice of the debris which caused plaintiff's accident. The motion included the deposition testimony of one of the building's owners, who was also its managing agent. His testimony indicated that he inspected the stairwells inside the building once or twice a week. The IAS court granted defendants' motion, on the ground that defendant did not have actual or constructive notice of the hazard, because there was no evidence that anyone saw the "cake or ice cream" prior to the accident (*Gordon v American Museum of Natural History*, 67 NY2d 836). We reverse.

Defendants' motion for summary judgment should have been denied. Plaintiff's deposition testimony, in conjunction with the affidavits of her daughter and her daughter's friend, was sufficient to establish that defendants had actual notice of the recurrent accumulation of garbage and debris in its stairwells, which, unremedied, posed a danger to pedestrians using the stairs (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106; *McLaughlan v Waldbaums, Inc.*, 237 AD2d 335; *Weisenthal v Pickman*, 153 AD2d 849). Defendants may then be charged with constructive notice of each specific re-occurrence of the hazardous condition (*Osorio v Wendell Terrace Owners Corp.*, 276 AD2d 540; *Benn v Municipal Hous. Auth.*, 275 AD2d 755, 756; *Crosby v Ogden Servs. Corp.*, 236 AD2d 220; *Kivlan v Dake Bros.*, 255 AD2d 782; *Hirschman v City of New York*, 193 AD2d 581; *Weisenthal, supra*, at 851). Further, contrary to defendants' understanding, "plaintiff was not required to prove that [defendants] knew or should have known of the existence of the exact item of debris which caused [her to] fall" (*Benn, supra*, at 756; *Fundaro v City of New York*, 272 AD2d 516; *see also, Endres v Mingles Rest.*, 271 AD2d 207, *lv dismissed* 95 NY2d 845; *Weisenthal, supra*, at 851). Concur—Nardelli, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.