■ MILES B. DALLAS, Appellant, v ZCWK ASSOCIATES, L.P., Respondent and Third-Party Plaintiff-Respondent. NEW WORLD GRILL, Third-Party Defendant-Respondent. [731 NYS2d 428] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about May 26, 2000, which, in an action for personal injuries sustained by plaintiff waiter when he slipped and fell on premises owned by defendant and leased by third-party defendant restaurant, *inter alia*, granted the owner's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The action must be dismissed because the owner was an out-of-possession landlord with a right of reentry only to make structural repairs, and no cognizable claim is made that the accident was caused by a structural defect. While the lease between the owner and the restaurant, insofar as it related to the "temporary storage area" where plaintiff fell, was terminable on 30 days notice by the owner, and while the owner had previously taken possession of the storeroom for six months before again turning it over to the restaurant, it remains that, at the time of the accident, the storeroom was in the restaurant's sole and exclusive possession. Accordingly, the owner cannot be held liable for the alleged negligent maintenance of the floor in the storeroom (*see, Lane v Fisher Park Lane Co.*, 276 AD2d 136, 141-142). In any event, as the motion court held, even if the owner were deemed in possession of the storeroom, there is no evidence tending to show that the alleged recurring dangerous condition that plaintiff claims establishes constructive notice (*see, O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 106-107), i.e., a rain-related leak that caused water to accumulate around the perimeter of the storeroom, was causally related to plaintiff's fall on a wet area located in the middle of the room. Concur—Nardelli, J. P., Rubin, Saxe and Marlow, JJ.