(September 9, 2004)

■ ANGEL RIVERA, Appellant, v 2160 REALTY Co., L.L.C., Respondent. [781 NYS2d 645]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered July 21, 2003, which granted defendant's motion for summary judgment dismissing plaintiff's complaint, reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff, a tenant in a building owned and operated by defendant, was injured when he slipped and fell on an interior staircase as he was descending the only stairway in the building, which has no elevator. According to plaintiff, he slipped on refuse (consisting of beer bottles, soda cans and a mixture of urine and other liquids) which had been left on the flight of stairs going from the third to second floor. Plaintiff asserted that refuse would often be left on stairs, that his son had spoken with the building superintendent about stairway refuse on the day prior to his fall, and that although he had never himself complained, the "entire building" had. Defendant's superintendent admitted that, during the three months prior to plaintiff's fall, he possessed actual knowledge that refuse or garbage would often be left on the interior steps of the building; that this condition was caused, in part, by tenants leaving refuse on the steps after a party; that he informed building management of this

problem; and that notices had been sent to specific tenants about this recurring condition. Defendant's superintendent knew which tenants were most responsible for creating this problem, and they still resided in the building.

The IAS court granted defendant's summary judgment motion on the grounds that: (1) liability could not be based on defendant's prior notice of a dangerous condition since plaintiff admitted that the specific refuse on which he fell (bottles and liquids) was not present on the night preceding the accident when he saw garbage bags and cigarette butts on the stairs; and (2) liability could not exist on a theory of a recurring condition since the evidence established that the specific condition did not exist on the night before the fall and that the stairs were cleaned each morning.

Since defendant's superintendent admitted actual knowledge that particular tenants frequently left refuse and garbage on the stairs, liability may exist based on a recurring condition. Plaintiff is not required to prove that defendant had, or should have had, knowledge of the exact item of debris which caused plaintiff to fall (*see Simoni v 2095 Cruger Assoc.*, 285 AD2d 431, 432 [2001]). Moreover, the instant case is not one of a mere general awareness that litter might be present. Rather, defendant's superintendent admitted specific knowledge of a recurring dangerous condition, namely, that tenants and their guests "constantly" "partied" in the stairway, the only means of egress from the building, during the course of which they spilled liquid and left bottles, the very condition that allegedly caused plaintiff's fall. Under such circumstances, a defendant's summary judgment motion must be denied (*see Coletta v City of New York*, 291 AD2d 527 [2002] [recurring condition of garbage in stairwell]; *Simoni v 2095 Cruger Assoc.*, 285 AD2d 431 [2001] [same]; *Benn v Municipal Hous. Auth.*, 275 AD2d 755 [2000] [same]; *O'Connor-Miele v Barhite & Holzinger, Inc.*, 234 AD2d 106 [1996] [recurring condition of soap powder in stairway spilled by tenants moving from floor to floor to find an available washing machine]; *see also Uhlich v Canada Dry Bottling Co.*, 305 AD2d 107 [2003] [on numerous occasions, plaintiff had specifically complained to defendant about garbage in parking lot]). In fact, the instant case is almost identical to *Osorio v Wendell Terrace Owners Corp.* (276 AD2d 540 [2000]), in which a question of fact whether there was a recurring condition was raised by testimony that the building's porter and deputy superintendent had received numerous complaints about people frequently drinking beer and smoking in the stairwell and leaving beer bottles there. Similarly, in *Ramos v New York City*

*Hous. Auth.* (249 AD2d 59 [1998]), this Court held that the jury was entitled to find that the plaintiff's fall had been caused by a recurring hazard, given the evidence that the stairwell where plaintiff fell was regularly used as a "hang out," as a result of which it became cluttered with debris and soiled with vomit and human waste between scheduled cleanings.

The IAS court should not have resolved any factual dispute which may have been created by the conflict between plaintiff's description of the condition of the stairs at the time of his early morning slip and fall and defendant's evidence that the stairs may have been cleaned on a daily basis. The IAS court's limited role on a summary judgment motion is to find whether triable issues of fact exist and does not include evaluating witness credibility (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]; *Cochrane v Owens-Corning Fiberglas Corp.*, 219 AD2d 557, 559 [1995]). Concur—Buckley, P.J., Tom and Sweeny, JJ.

Sullivan and Williams, JJ., dissent in a memorandum by Sullivan, J., as follows: In granting defendant's motion for summary judgment, the Supreme Court concluded that the "stairway was routinely cleaned on a daily basis," apparently accepting the deposition testimony of the building superintendent to that effect and disregarding plaintiff's testimony that the staircase was cleaned "[e]very eight days." While I agree with the majority insofar as it concludes that the Supreme Court should not have resolved any factual dispute, that erroneous determination is not germane to the central and dispositive issue, i.e., the lack of notice of the alleged defective condition, which, in my view, Supreme Court correctly decided.

As reflected in plaintiff's own deposition testimony, the accident occurred when, at approximately 5:15 A.M., he slipped on a bottle on the stairway, which, at the time, was wet. Plaintiff also testified that he had last used the stairway at 8:30 P.M. on the previous evening and there were no bottles present on the stairs, and the stairs were not wet at the time. Since it is undisputed that the stairs were free from beer bottles hours earlier and there is no evidence as to the length of time these particular bottles and the wetness were present on the stairs before the fall, plaintiff is unable to establish notice, actual or constructive, of the complained-of condition.

Faced with this insuperable hurdle, the majority concludes that defendant's liability can be predicated on a theory of a recurring condition from which an inference of constructive notice of the defect, a prerequisite, in the absence of actual notice, for a finding of liability, may be drawn. The recurring-condition

principle has no application to these facts (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Segretti v Shorenstein Co., E.,* 256 AD2d 234 [1998]). To prevail on such a theory, plaintiff must present evidence of an ongoing and recurring dangerous condition that existed in the area of the accident and was routinely left unaddressed by the landlord (*Segretti* at 235). It is well settled that a general awareness that litter may be present, which is all that has been shown here, is insufficient (*Gordon* at 838; *see also Gloria v MGM Emerald Enters.,* 298 AD2d 355 [2002] [general awareness that bar patrons sometimes spilled their drinks on the dance floor insufficient to constitute constructive notice of the liquid on the dance floor on which plaintiff slipped]). As the Court of Appeals has stated, "[A] general awareness that litter or some other dangerous condition may be present . . . is [not] legally sufficient to charge [a] defendant with constructive notice" (*Gordon, supra* at 838).

The majority's reliance on *O'Connor-Miele v Barhite & Holzinger, Inc.* (234 AD2d 106 [1996]) is misplaced. There, a particular substance—soap powder—accumulated on the stairwell due to spillage by tenants moving from floor to floor to find an available washing machine because the laundry facilities on each floor were inadequate and elevator service was unreliable. This was not a mere general awareness that a dangerous condition may be present (*Gordon* at 838), but rather a "particular recurring safety issue that was reasonably within [defendants'] power to correct" (*Chianese v Meier,* 98 NY2d 270, 278 [2002]). That is not the case here.

*Ramos v New York City Hous. Auth.* (249 AD2d 59 [1998]) is also inapplicable since this case involved the disposition of a motion for summary judgment. While the *Ramos* court held that, given the evidence that the stairwell where plaintiff fell was used as a "hang out" and was routinely cluttered with debris and soiled with vomit and human waste, the jury was entitled to find that plaintiff's fall was caused by a recurrent condition, the Court expressly noted that defendant took no exception to the court's charge on the imposition of liability based on a recurring hazardous condition, and that that theory became the legal standard by which the sufficiency of the evidence must be judged.

To allow an action based on the negligent maintenance of premises to go forward on a claim of recurring condition when what is involved is essentially a transient condition would effectively eliminate the requirement of notice, actual or constructive, and permit the recurring condition exception to swallow the rule requiring notice of the defect. To the extent the cases cited by the majority hold to the contrary, they reflect an unwar-

ranted extension of this exception. Since there are no other facts or circumstances from which notice may be inferred, I would grant defendant's motion for summary judgment.