*199 OPINION OF THE COURT
Rolando T. Acosta, J.
Plaintiff, Alicia Hernandez, slipped and fell on what appeared to be a supermarket flier on the staircase of her apartment building as she descended the stairs. She was carrying her infant daughter, Chantel, at the time, and they both sustained injuries. Defendants moved for summary judgment claiming that plaintiffs failed to establish that defendants had notice of the alleged fliers on the staircase.
Defendants’ motion was not timely filed. Indeed, defendants filed their motion 118 days after the filing of the note of issue. This Part, consistent with rule 17 of the Uniform Rules of the Justices of the Supreme Court, Civil Branch, New York County, however, requires that dispositive motions be filed within 60 days of the filing of the note of issue. (See also Preliminary Conference Order, dated Oct. 2, 2003.)
This court, much to Professor Siegel’s chagrin,[1] decided in 1998 as a matter of first impression (John v Bastien, 178 Misc 2d 664, 666-667 [Civ Ct, Kings County 1998]) that, given the plain language of the 1996 amendment to CPLR 3212 (a) reflecting a clear legislative policy determination, the court lacked the discretion to entertain the merits of a late summary judgment motion absent “good cause” for the filing of the belated motion. Professor Siegel had suggested that courts in the exercise of discretion should “cut to the chase” and permit parties to make dispositive motions on “good cause” grounds, especially in cases where there is potential for summary judgment. (See Robert S. Kelner and Gail S. Kelner, Untimely Summary Judgment Motions, NYLJ, July 27, 2004, at 3, col 4, citing Siegel, 1996 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:12, 1997-1998 Interim Pocket Part, at 60-61.) The Court of Appeals in Brill v City of New York (2 NY3d 648 [2004]) agreed with this court’s reasoning and cited John v Bastien with approval.
*200 This court is now faced with a similar issue; namely, whether the court is similarly constrained when a summary judgment motion is filed after the 60 days imposed by court rule. This court’s answer is no. Unlike John v Bastien, in which, under the guise of flexibility, Professor Siegel would have this court disregard a clear legislative curtailment of discretion in the absence of “good cause” for the filing of the belated motion, here the court is not similarly constrained. Indeed, the court is specifically required to be flexible. The 60-day requirement was promulgated by the Supreme Court, New York County, as a case management tool for the judge.
In other words, this court is willing to pay the price of “rigidity” if it means adherence to its obligations to honor a clear legislative policy determination in enacting CPLR 3212 (a). No such legislative intent, however, exists with respect to the 60-day requirement; it is court imposed. And this court has the discretion to “cut to the chase,” as Professor Siegel suggests,[2] as long as the exercise of such broad, but not unbridled, discretion does not exceed the legislative ceiling of 120 days. As Chief Judge Kaye stated in writing for the majority in Brill v City of New York (supra, 2 NY3d at 651), “the Legislature struck a balance, fixing an outside, limit on the time for filing summary judgment motions, but allowing courts latitude to set an alternative limit or to consider untimely motions to accommodate genuine need.” (Emphasis added; see also, Florczyc v Stahal, 6 Misc 3d 1011[A], 2005 NY Slip Op 50028[U] [Sup Ct, Kings County] [court rejects plaintiffs argument that Brill precludes the court from entertaining summary judgment motion absent a showing of good cause, where motion filed within the 120-day limit].)
Thus, courts have the discretion to disregard a self-imposed deadline for filing a summary judgment motion to “accommodate a genuine need.” The “genuine need,” however, does not mean “good cause” as contemplated by CPLR 3212 (a), and it may include entertaining the merits of a belated motion filed within the 120-day ceiling and, consistent with a court’s traditional exercise of discretion, the absence of prejudice to the party opposing the belated motion.[3] Of course, “good cause” may also be a genuine need. (Kunz v Gleeson, 9 AD3d 480 [2d Dept 2004] [Court held that lower court providently exercised *201 its discretion in entertaining defendant’s motion for summary judgment made about two weeks beyond the deadline fixed by the court because defendant demonstrated good cause].)
In the present case, however, the court will not exercise its discretion to extend the 60-day deadline. According to defendants, they did not file the instant summary judgment motion within the 60 days because they had a pending motion to strike the note of issue and to enlarge the time for filing a summary judgment motion to within 60 days of the decision on that motion. The pending motion was not decided until October 14, 2004, well past the 60-day period. At first blush, this sounds reasonable except that the earlier motion to strike was premised on plaintiffs’ failure to provide medical authorizations. The present motion is premised on plaintiffs alleged failure to prove notice. In other words, one had nothing to do with the other. Given this situation, defendants should have moved for summary judgment at the same time they moved to strike the note of issue. (Cf. Martorello v Consolidated Edison Co. of N.Y., 260 AD2d 317, 318 [1st Dept 1999] [“The motion was properly denied absent an explanation why it was not made at the time that defendant moved to vacate the note of issue on the ground that plaintiff had failed to comply with outstanding disclosure demands. Moreover, there is no showing that plaintiffs dilatory conduct in providing disclosure prevented defendant from moving for summary judgment”].) At the very least, defendants should have sought permission from the court before July 26, 2004 (60 days after the filing of the note of issue) to extend the deadline. Given defendants’ disregard for this court’s rules, and as noted below, the motion’s lack of merit, there is no “genuine need” for this court to extend the deadline.
Even if this court had exercised its discretion to extend the 60-day deadline, defendants’ motion would have nevertheless been denied inasmuch as there are triable issues of fact as to whether defendants had actual knowledge of an ongoing and recurring dangerous condition in the internal staircases of the building. (Rivera v 2160 Realty Co., L.L.C., 10 AD3d 503, 504 [1st Dept 2004] [“Since defendant’s superintendent admitted actual knowledge that particular tenants frequently left refuse and garbage on the stairs, liability may exist based on a recurring condition. Plaintiff is not required to prove that defendant had, or should have had, knowledge of the exact item of debris which caused plaintiff to fall”]; Simoni v 2095 Cruger Assoc., 285 AD2d 431, 432 [1st Dept 2001] [“(plaintiff’s deposition *202 testimony, in conjunction with the affidavits of her daughter and her daughter’s friend, (were) sufficient to establish that defendants had actual notice of the recurrent accumulation of garbage and debris in its stairwells”]; Benn v Municipal Hous. Auth. for City of Yonkers, 275 AD2d 755, 756 [2d Dept 2000] [“(defendant) had actual knowledge of the ongoing and recurring condition of garbage inside the stairwell, and may be charged with constructive notice of each specific re-occurrence of that condition. Contrary to the appellant’s contention, the plaintiff was not required to prove that the appellant knew or should have known of the existence of the exact item of debris which caused his fall” (citations omitted)].) Specifically, Alicia Hernandez testified at her deposition that, although she did not see the paper that allegedly caused her to slip before the accident, there is always paper in the stairwells; after she fell, she noticed that it was a supermarket flyer. Before the accident, she had complained to Diogenes Brito, the superintendent, about water, dog urine, leaves and paper on the stairs. Refuting Brito’s deposition testimony that he cleans the stairwells on a daily basis, Hernandez testified that Brito never cleans them; the stairs are cleaned by a different person, but only on Sunday nights.
Brito’s testimony was at least partly consistent with Hernandez’s testimony. He testified that he frequently saw fliers or menus on the stairway. And, although Brito claimed that no one ever complained about the fliers because he picks them up and “it’s too little,” he acknowledged that “[e]very day there is an advertisement” and that there were supermarket fliers in the stairways two to three times a week. This evidence is sufficient to defeat a motion for summary judgment.
Accordingly, for the reasons stated above, defendants’ motion is denied.
[Portions of opinion omitted for purposes of publication.]

. See, e.g., 79 Siegel’s Practice Review, Court Holds That Mere Demonstration That Summary Judgment Motion Has Merit Does Not Excuse Delay and Allow Late Motion, at 2 (Jan. 1999). In addressing John v Bastien, Siegel stated: “[W]e’d think better of judicial decisions that absolutely refuse to extend the time for meritorious summary judgment motions if they would tell us what is to happen in the case.” (Id.) “As things stand, the matter currently occupies a limbo that doesn’t seem to us to be doing the court system much good. In our view this is not because of the amendment, but because of the needless rigidity of some courts in applying it.” (Id. [emphasis added].)

. Siegel, 1996 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:12, 1997-1998 Interim Pocket Part, at 61.

. But see, Bouilland v Angulo, 5 Misc 3d 1031(A), 2004 NY Slip Op 51652(11) (Sup Ct, NY County 2004).