4 N.Y.3d 837 (2005)
PEOPLE v. WALDRON
Court of Appeals of the State of New York.
March 21, 2005.
Fiedelman & McGaw, Jericho (Dawn C. DeSimone of counsel), for appellant.
Robert Weiss, New York City, for respondent.
William D. Fireman, P.C., New York City (William D. Fireman of counsel), for New York State Trial Lawyers Association, amicus curiae.
Before: Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur in memorandum.
Application in criminal case for leave to appeal granted. (Hayes, J.). *838 order of the Supreme Court, Bronx County (Douglas E. McKeon, J.), which had granted defendant's motion for summary judgment dismissing the complaint, (2) denied the motion, and (3) reinstated the complaint. The following question was certified by the Appellate Division: "Was the order of the Supreme Court, as reversed by this Court, properly made?"
Rivera v 2160 Realty Co., L.L.C., 10 AD3d 503, reversed.

OPINION OF THE COURT
MEMORANDUM.
The order of the Appellate Division should be reversed, with costs, the certified question answered in the affirmative and defendant's motion for summary judgment granted.
In this slip and fall case, tenant failed to raise a triable issue of fact on the issue of whether the landlord had constructive notice on any theory of a dangerous condition in the stairwell. Tenant asserted that while descending the steps at 5:00 A.M., he tripped over a beer bottle. Yet he acknowledged that the bottle was not on the steps at 8:30 P.M. the night before and no evidence was offered indicating that the landlord was notified of the debris that night or that the bottle was present for a sufficient period of time that defendant's employees had an opportunity to discover and remedy the problem (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). "[O]n the evidence presented, the [beer bottle] that caused *839 plaintiff's fall could have been deposited there only minutes or seconds before the accident and any other conclusion would be pure speculation" (id. at 838).
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.