■ EMERITO MUNIZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [831 NYS2d 513]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Francois Rivera, J.), dated March 6, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly slipped and fell on urine or beer on the vestibule floor of the defendant's premises early on a Sunday morning. According to the defendant's caretaker, when he inspected the area the previous day, right before the end of his shift, he did not observe any liquid on the floor of the vestibule.

The defendant established its entitlement to judgment as a matter of law by demonstrating that it did not create the alleged hazardous condition or have actual or constructive notice of it (*see Rivera v 2160 Realty Co., L.L.C.,* 4 NY3d 837 [2005], *revg* 10 AD3d 503 [2004]; *Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). In opposition to the defendant's showing, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. The affidavit of the plaintiff's wife could not be considered in determining this motion because the plaintiff failed to properly disclose his wife as a notice witness in his discovery responses (*see Williams v ATA Hous. Corp.,* 19 AD3d 406, 407 [2005]; *Concetto v Pedalino,* 308 AD2d 470, 470-471 [2003]; *Andujar v Benenson Inv. Co.,* 299 AD2d 503 [2002]).

The plaintiff's further contention that this was a recurrent condition such as would give constructive notice to the defendant, an argument not dependent on his wife's affidavit, is without merit (*see Gloria v MGM Emerald Enters.,* 298 AD2d 355, 356 [2002]). Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.